IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EARLE E. AUSHERMAN, et al.        *

        Plaintiffs        *

        vs.        *     CIVIL ACTION NO. MJG-01-438

BANK OF AMERICA CORPORATION,        *
et al.
        Defendants        *

*        *        *        *        *        *        *        *        *

## MEMORANDUM AND ORDER

The Court has before it Defendant Bank of America Corporation's Motion to Dismiss or, in the Alternative, for Summary Judgment, Defendant Bank of America Corporation's Second Motion to Dismiss or, in the Alternative, for Summary Judgment, and the materials submitted by the parties relating thereto. The Court finds that a hearing is unnecessary.

## I.   BACKGROUND

The Plaintiffs in the instant action are twenty-five individuals who allege that their credit reports were obtained for no permissible purpose under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), by Defendants Bank of America Corporation ("BAC"), Banc of America Auto Finance Corporation ("BAAF"), currently unidentified BAC employee John Doe 1 and currently unidentified alleged co-conspirator John Doe 2.

On February 13, 2001 Plaintiffs filed the instant suit. On August 2, 2001, Plaintiffs filed an Amended Complaint adding BAAF as a defendant and alleging two additional causes of action. The Amended Complaint presents eleven Counts:

COUNT ONE:       Willful Violation of the FCRA Under
                 False Pretenses – 15 U.S.C. § 1681n and
                 §1681q

COUNT TWO:       Willful Violation of the FCRA  – 15
                 U.S.C. § 1681e and §1681n

COUNT THREE:     Negligent Violation of the FCRA – 15
                 U.S.C. § 1681e and §1681o

COUNT FOUR:      Willful Refusal to Disclose
                 Information – 15 U.S.C. § 1681d(b) and
                 §1681g(a)(3)(A)

COUNT FIVE:      Negligent Refusal to Disclose
                 Information – 15 U.S.C. § 1681d(b) and
                 §1681g(a)(3)(A)

COUNT SIX:       Willful Violation of MD Com. Law
                 § 14-1201, et seq. (John Doe 1)

COUNT SEVEN:     Willful Violation of MD Com. Law
                 § 14-1201, et seq. (BAC)

COUNT EIGHT:     Willful Violation of MD Com. Law
                 § 14-1201, et seq. (BAC/ 8 of the 25
                 Plaintiffs)

COUNT NINE:      Civil Conspiracy

COUNT TEN:       Negligent Hiring and Entrustment

COUNT ELEVEN:    Violation of Computer Fraud and Abuse
                 Act ("CFAA"), 18 U.S.C. § 1030, et seq.

In response to the original Complaint, BAC filed its first

Motion to Dismiss, or, in the Alternative, for Summary Judgment, and in response to the Amended Complaint, BAC filed its Second Motion. On August 10, 2001, the Court entered an order staying all discovery in the instant suit pending the Court's ruling on BAC's two Motions.

## II.   DEFENDANT'S MOTIONS TO DISMISS

### A.   Legal Standard

A motion to dismiss under Rule 12(b)(6) is a means of testing the legal sufficiency of a complaint. "The question is whether in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the Complaint states any valid claim for relief." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 336 (2d ed. 1987). The Court, when deciding a motion to dismiss, must consider well-pled allegations in a complaint as true and must construe those allegations in favor of the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). The Court must further disregard the contrary allegations of the opposing party. See A.S. Abell Co. v. Chell, 412 F.2d 712, 715 (4th Cir. 1969). However, a complaint may be dismissed if the law does not support the conclusions argued, or where the facts alleged are not

3

sufficient to support the claim presented.

B.    Discussion

Defendant BAC, in its two Motions, makes eight arguments in favor of dismissal: (1) it is merely a parent corporation; (2) it is not a "consumer reporting agency"; (3) there were no "investigative consumer reports"; (4) there is no respondeat superior; (5) Plaintiffs fail to state a claim for civil conspiracy; (6) punitive damages are not allowed; (7) Plaintiffs fail to state a claim for negligent hiring; (8) Plaintiffs fail to state a claim under the CFAA.

1.    Parent Corporation / Subsidiary

BAC argues that it is merely the parent corporation of BAAF and therefore, under the "presumption of separateness," cannot be held liable for any of BAAF's alleged actions.  Spence v. Maryland Casualty Co., 803 F.Supp. 649, 663 (W.D.N.Y. 1992). However, this presumption of separateness can be overcome by a showing that the parent corporation is the "'alter ego' of the subsidiary and that the subsidiary is the 'mere instrumentality' of the parent."  Id.

Plaintiffs allege in their Amended Complaint that "[a]t all times relevant herein, defendant [BAAF] was acting individually,

4

and as the agent, alter ego and mere instrumentality of defendant [BAC]."  Am. Compl. ¶ 34.  For purposes of the instant Motion, the Court must consider this allegation as true and construe it in favor of the Plaintiffs.  Therefore, BAC is, at the present stage of the instant case, a proper defendant.

### 2.   "Consumer Reporting Agency"

BAC argues that it is not a "consumer reporting agency" and therefore cannot be found liable under either the FCRA or its Maryland counterpart.  However, Plaintiffs allege in the Amended Complaint that "[a]t all times relevant herein, [BAC] was both a user of consumer information and a consumer reporting agency."  Am. Compl. ¶ 31.  For purposes of the instant Motion, the Court cannot look beyond the pleadings, but rather, must consider this allegation as true and construe it in favor of the Plaintiffs.  Therefore, insofar as Plaintiffs' claims involve a "consumer reporting agency," those claims can proceed against BAC.

### 3.   "Investigative Consumer Reports"

Defendant argues that Counts four and five of the Amended Complaint pertain to "investigative consumer reports" and that there is no evidence that it ever procured or caused to be prepared any such investigative reports.  The Amended Complaint

repeatedly alleges that Defendants wrongfully obtained "consumer report[s] and/or investigative consumer report[s]" on all of the various Plaintiffs.  Am. Compl. ¶ 40 - 89.  It is inappropriate in the present context for the Court to look beyond the well-pled allegations of the Complaint and speculate as to whether Plaintiffs have sufficient evidence of any such investigative reports.  Plaintiffs have properly stated their claims regarding the investigative consumer reports and therefore Counts four and five can go forward.

### 4.    Respondeat Superior

BAC argues that it can not be held liable under the FCRA for the alleged actions of its employee.  BAC asserts that the FCRA does not contemplate vicarious liability since the conduct proscribed would be outside any employee's scope of employment as a matter of law.  Defendant's argument is without merit.

Fourth Circuit precedent establishes that employers can be held liable for their employees' violations of the FCRA:

> . . . there was no genuine factual dispute that [employee] Ryan was an agent of the Credit Union and had apparent authority to obtain the credit report, even if Ryan lacked the actual authority to do so.  Accordingly, the Credit Union is liable to [Plaintiff] for Ryan's wrongful actions as its agent pursuant to the doctrine of respondeat superior.

_Yohay v. City of Alexandria Employees Credit Union, Inc._, 827
F.2d 967, 972 - 73 (4th Cir. 1987). <u>See also</u> <u>Jones v. Federated</u>
<u>Financial Reserve Corp.</u>, 144 F.3d 961 (6th Cir. 1998); <u>Adams v.</u>
<u>Berger Chevrolet, Inc.</u>, 2001 WL 533811 (W.D. Mich. 2001).

Therefore, Plaintiffs' vicarious liability claims can
proceed.


### 5.    Failure to State a Claim for Civil Conspiracy

In Maryland, civil conspiracy is not recognized as an

independent tort.  <u>See</u> <u>Alleco Inc. v. Harry & Jeanette Weinberg</u>

<u>Foundation, Inc.</u>, 665 A.2d 1038, 1045 (Md. 1995). The court in

<u>Kimball v. Harman & Burch</u>, 34 Md. 407 (1871), first explained

civil conspiracy liability:

> There is no doubt of the right of a plaintiff to
> maintain an action on the case against several, for
> conspiring to do, and actually doing, some unlawful act
> to his damage.  But it is equally well-established,
> that no such action can be maintained unless the
> plaintiff can show that he has in fact been aggrieved,
> or has sustained actual legal damage by some overt act,
> done in pursuance and execution of the conspiracy.  It
> is not, therefore, for simply conspiring to do the
> unlawful act that the action lies.  It is for doing the
> act itself, and the resulting actual damage to the
> plaintiff, that afford the ground of the action.

<u>Id.</u> at 409-11 (citations omitted); <u>see also</u> <u>Van Royen v. Lacey</u>,

277 A.2d 13, 14 (Md. 1971) (stating that "[i]t would appear to be

well settled law in this State that a conspiracy, standing alone,

is not actionable").

In Maryland, civil conspiracy is not a free-standing claim,

but is dependent on a plaintiff's ability to establish the substantive claim upon which the conspiracy claim is based. In other words, a Plaintiff can utilize a civil conspiracy theory to hold a defendant liable for torts committed by co-conspirators within the scope of the conspiracy. However, a Plaintiff does not have a free standing separate cause of action against a defendant due to the defendant's membership in a conspiracy.

The Court will dismiss Count 9 since it does not state a claim upon which the Plaintiff can recover. However, the Court is not prohibiting the Plaintiff from proceeding on a conspiracy theory with regard to any defendant's alleged liability on any remaining claim.

### 6.   Punitive Damages

BAC argues that in order to sustain a claim for punitive damages under the FCRA, Plaintiffs must show that Defendants acted willfully. 15 U.S.C. § 1681n(a)(2). Plaintiffs have alleged in the Amended Complaint that the Defendants "willfully" violated the FCRA. Compl. Counts 1, 2 and 4. Therefore, Plaintiffs can claim punitive damages. Whether the Plaintiffs can make a showing (i.e. present evidence) of willfulness is not an appropriate question in the present context. Therefore, Plaintiffs can sustain their claim for punitive damages.

### 7.    Failure to State a Claim for Negligent Hiring

BAC argues that Plaintiffs fail to state a claim for

negligent hiring because under <u>Bryant v. Better Business Bureau</u>

<u>of Greater Maryland, Inc.</u>, 923 F.Supp. 720 (D.Md. 1996), a

negligent hiring claim must be premised on common law tort, not a

statutory violation; in the instant suit, Plaintiffs allege only

statutory violations.  Plaintiffs do not provide a response

adequate to put in question Judge Davis' opinion in <u>Bryant</u>.

Therefore, Count 10 shall be dismissed.


### 8.    Failure to State a Claim under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, et seq.

Defendant argues that because the CFAA was originally

fashioned as a criminal statute, and because the Act on its face

does not provide for vicarious liability, an entity such as BAC

cannot be held liable under the CFAA.

There is no authority to support the contention that only a

natural person, and not an entity, can be liable under the CFAA.

On the contrary, there are numerous CFAA cases in which

plaintiffs properly allege violations of the CFAA by

corporations.  <u>See</u> <u>e.g.</u> <u>Chance v. Avenue A, Inc.</u>, 165 F.Supp.2d

1153 (W.D.Wash. 2001); <u>Miles v. America Online, Inc.</u>, 202 F.R.D.

297 (M.D.Fla. 2001); <u>Christian v. Sony Corp. of America</u>, 152

F.Supp.2d 1184 (D.Minn. 2001); <u>Thurmond v. Compaq Computer Corp.</u>, 2001 WL 1136136 (E.D.Tex. 2001); <u>Register.com, Inc. v. Verio, Inc.</u>, 126 F.Supp.2d 238 (S.D.N.Y. 2000).

Furthermore, the fact that the CFAA does not on its face provide for vicarious liability is immaterial. In each of the above-stated cases, individual employees were necessarily the ones carrying out the acts which allegedly violated the CFAA. Plaintiffs have properly alleged that John Doe 1 was acting within the scope of his employment as an agent for BAC when he allegedly violated the CFAA. Therefore the CFAA claim can proceed.

## III. <u>DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT</u>

Defendant's Motions for Summary Judgment are premature. In particular, Plaintiffs cannot be expected to respond to the motions with evidence (as they must in a summary judgment context) without an opportunity to undertake reasonable discovery. Therefore, the Court will not now consider any summary judgment motions.

IV.   <u>CONCLUSION</u>

For the foregoing reasons:

1.   Defendant Bank of America Corporation's Motion to
     Dismiss IS GRANTED IN PART AND DENIED IN PART.

     a.   Count 9 of the Amended Complaint is Dismissed
          without prejudice to Plaintiffs' right to
          seek to apply a civil conspiracy theory in
          regard to other Counts.

     b.   Counts 1 - 8 in the Amended Complaint remain
          pending.

2.   Defendant Bank of America Corporation's Motion for
     Summary Judgment is DENIED.

3.   Defendant Bank of America Corporation's Second
     Motion to Dismiss IS GRANTED IN PART AND DENIED IN
     PART.

     a.   Count 10 of the Amended Complaint is
          Dismissed.

     b.   Count 11 in the Amended Complaint remains
          pending.

4.   Defendant Bank of America Corporation's Second
     Motion for Summary Judgment is DENIED.

5.   The case shall proceed pursuant to the Scheduling
     Order being issued this date.

SO ORDERED this _3rd_ day of December, 2001.


                              Marvin J. Garbis
                         United States District Judge

11