FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 MAY 31 P 3:03

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EARLE E. AUSHERMAN, et al.   *

      Plaintiffs   *

    vs.   *   CIVIL ACTION NO. MJG-01-438

BANK OF AMERICA CORPORATION,   *
et al.
      Defendants   *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it Plaintiffs' Objections to Magistrate Judge's Order of February 22, 2002, Plaintiffs' Motion to Stay, and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

On February 22, 2002, Magistrate Judge Grimm issued a Letter Order ("the Letter Order") addressing the question of whether factual information in the possession of Plaintiffs' counsel and divulged by counsel to Plaintiffs in connection with the providing of legal services is protected by the attorney-client privilege or work-product doctrine. The Magistrate Judge held that Plaintiffs had established no such protection as to the matters at issue.

Magistrate Judge Grimm, in the Letter Order, provided that:

    1.    Plaintiffs Ronnie and Freda Hogue must answer questions about "the underlying facts of their claim -- including those facts communicated to them by their attorney". Letter Order at 5.

    2.    In depositions of other Plaintiffs, counsel "may not invoke the attorney-client or work-product doctrine for the reasons relied upon in the Hogue depositions". Id.

    3.    An undated solicitation letter from Plaintiffs' counsel to prospective clients was not protected by the attorney-client privilege. Id. at 5-6.

Plaintiffs object on the grounds that:

    1.    Communications from counsel to Plaintiffs are protected by the attorney-client privilege and work-product doctrine.

    2.    The prohibition against Plaintiffs' future assertion of objections "for reasons relied upon in the Hogue depositions" constitutes a defective injunction.

The Magistrate Judge was correct in holding that Plaintiffs here failed to establish the existence of an attorney-client privilege for the communications at issue from counsel to Plaintiffs. In the instant case, Plaintiffs have failed to demonstrate the existence of any pertinent fact in counsel's communications to Plaintiffs of which counsel had been informed by a client. Accordingly, the attorney-client privilege does not afford protection to such communications. E.g. U.S. v. (Under Seal), 748, F.2d 871, 874 (4th Cir. 1984); In re Allen, 106 F.3d 582, 600 (4th Cir. 1997). Moreover, the attorney-client privilege does not protect a party from disclosure of the underlying facts upon which the party relies in the litigation.

U.S. v. Johnson, 131 F.Supp.2d 1088, 1097 (N.D. Iowa 2001)(citing Upjohn Co. v. United States, 449 U.S. 383 (1981).

The work-product doctrine can be invoked to protect from disclosure an attorney's formulation of facts and opinions as distinct from the underlying facts thereunder. Nat'l Union Fire Ins. v. Murray Sheet Metal Co., 967 F.2d 980, 984 n.5 (4th Cir. 1992). As held by the Magistrate Judge, the instant Plaintiffs have not established that the work-product doctrine will protect them from answering the deposition questions at issue.

Plaintiffs characterize the prohibition against reliance upon the rejected grounds for objection in future depositions as an injunction under Rule 65[1]. As so characterized, Plaintiffs contend that the Order had to, and fails to, be in strict compliance with Rule 65(d). In particular, Plaintiffs note that the Order is not self-contained, but refers to other documents, deposition transcripts, when describing the prohibited conduct.

The Letter Order is not a Rule 65 injunction. It is a discovery order issued in the normal course of litigation.[2] It may possible for Plaintiffs and/or counsel to avoid a contempt by

---

[1] All references to "Rule" herein are to the Federal Rules of Civil Procedure.

[2] Obviously, the strictures of Rule 65, including, for example, the bond requirement of Rule 65(c), are not applicable to discovery orders.

3

virtue of the cross-reference to the grounds asserted in the Hogue depositions. Nevertheless, Plaintiffs and their counsel are on notice that the said grounds have been ruled upon in the Letter Order and that the ruling has been affirmed by the Court.

Accordingly, the reassertion of such grounds in future depositions shall be taken into account appropriately in determining whether any such reassertion was made in bad faith or without substantial justification. See Letter Order at 5. Therefore, Plaintiffs and/or counsel may be subjected to sanctions should they, in future depositions, invoke the attorney-client privilege or work-product doctrine for the reasons relied upon in the Hogue depositions.

For the foregoing reasons:

1. Plaintiffs' Objections to Magistrate Judge's Order of February 22, 2002 are OVERRULED.

2. The Magistrate Judge's Order of February 22, 2002 is hereby AFFIRMED and ADOPTED BY THE COURT.

3. Plaintiffs' Motion to Stay is DENIED.

SO ORDERED this 31st day of May, 2002.

_____
Marvin J. Garbis
United States District Judge

4