IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EARLE E. AUSHERMAN, et al.          *

       Plaintiffs          *

    vs.                             *   CIVIL ACTION NO. MJG-01-438

BANK OF AMERICA CORPORATION,        *
et al.
       Defendants          *

\*     \*     \*     \*     \*     \*     \*     \*     \*

ORDER

On August 12, 2002 this Court issued an Order sealing that part of Plaintiffs' Motion and Memorandum to Recuse Magistrate Judge that reflected the residential address of the Magistrate Judge. Further Orders consistent therewith have been entered related to subsequent pleadings.

On August 26, 2002, Plaintiffs counsel filed on the public record Objections to the Magistrate Judge's Order of August 22, 2002 and attached an exhibit which set forth the address of the Magistrate Judge's personal residence.

Plaintiffs' counsel has raised an issue with respect to the recusal of the Magistrate Judge by virtue of the fact that the Defendant, Bank of America, held a mortgage on the judicial officer's home. That issue shall be resolved in due course. The existence of the issue and Plaintiff's position relating thereto is, quite properly, on the public record. Nevertheless, no valid function is served by placing on the public record the residential address of the Magistrate Judge. Moreover, the publication of the residential address of a judicial officer

creates reasonable security concerns.

It appears that the full text of Plaintiffs' Motion and memorandum including, without redaction, the address of the Magistrate Judge, has been published on several occasions starting on August 22, 2002, some ten days after the entry of the sealing Order. The extent to which counsel for Plaintiffs may have distributed the said documents (including the Magistrate Judge's residential address) after the sealing Order was entered remains to be seen.

Under the circumstances here presented, this Court finds it necessary to issue the following Order:

1. No counsel or party shall file on the public record any document disclosing in its text or in an attachment the residential address, social security number or other personal information relating to any judicial officer involved in this case.

2. Any such document shall be filed together with a sealing Order and a substitute document for the public record which redacts the residential address, social security number or other personal information relating to any judicial officer involved in this case.

3. Without prior leave of Court, no counsel or party shall publish or assist in the publication of the residential address, social security number or other personal information relating to any judicial officer involved in this case.

So ORDERED this 10th day of September, 2002

Marvin J. Garbis
United States District Judge