IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EARLE E. AUSHERMAN, et al.        *

       Plaintiffs        *

       vs.                *   CIVIL ACTION NO. MJG-01-438

BANK OF AMERICA CORPORATION,      *
et al.
       Defendants       *

\*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM AND ORDER
RE RECUSAL MOTION

   The Court has before it Plaintiffs' Objections to Magistrate Judge's Memorandum and Order of August 22, 2002 and the materials submitted relating thereto. The Court finds that there is no need for a hearing.

   On August 9, 2002, Plaintiff filed a Motion to Recuse Magistrate Judge on the ground that Defendant Bank of America Corporation (or a related entity) held a mortgage on the residence of the Magistrate Judge.[1] By Memorandum and Order of August 22, 2002, the Magistrate Judge denied the recusal motion. Plaintiff objects to the Magistrate Judge's denial of recusal essentially arguing that the existence of Defendant as a creditor of the Magistrate Judge gives the appearance of a conflict of

---

   [1] In a transaction initiated prior to the August 9, 2002 filing of the recusal motion, the mortgage was refinanced and Bank of America was no longer a creditor.

interest such that "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

The undersigned Judge is in essentially the same situation as the Magistrate Judge <u>vis-a-vis</u> Defendant Bank of America Corporation (or a related entity). The undersigned Judge has, for many years, had a home equity line of credit secured by his residence. The said home equity credit line, although commenced with another financial institution, was taken over by Bank of America (or a related entity) in the course of a corporate merger. Accordingly, the undersigned Judge has had a home equity line with Bank of America during the pendency of the instant lawsuit. Moreover, on at least one occasion in the last year, the undersigned Judge drew on the line of credit, became a debtor of Bank of America and paid off the debt completely. Therefore, the undersigned Judge will consider his own recusal together with the recusal of the Magistrate Judge.

The matter deserves no more discussion than for this Court to adopt, in its entirety, the August 22, 2002 Memorandum and Order of the Magistrate Judge. The routine debtor-creditor relationship between the undersigned Judge (like the Magistrate Judge) and Bank of America does not constitute a financial interest warranting disqualification. Moreover, no reasonable, well-informed observer assessing all the facts and circumstances

well-informed observer assessing all the facts and circumstances would question the undersigned Judge's (or the Magistrate Judge's) impartiality.

The Court finds no justification for certifying an interlocutory appeal with regard to Plaintiffs' recusal motion. Of course, Plaintiffs are free to attempt to proceed in an appellate court to obtain a writ of mandamus requiring recusal. And, certainly, Plaintiffs are free to file a complaint against the undersigned Judge and the Magistrate Judge with the Judicial Conference of the United States.

For the foregoing reasons:

1. Plaintiffs' Objections to Magistrate Judge's Memorandum and Order of August 22, 2002 are OVERRULED.

2. The Court adopts, as its decision, the Memorandum and Order issued August 22, 2002 by the Magistrate Judge.

3. This Court shall not recuse the undersigned Judge or the Magistrate Judge.

SO ORDERED this 20th day of September, 2002.

                                        Marvin J. Garbis
                                  United States District Judge