```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

EARLE E. AUSHERMAN, et al.

            Plaintiffs          *

        vs.                     *   CIVIL ACTION NO. MJG-01-438

BANK OF AMERICA CORPORATION,    *
et al.
            Defendants          *

*       *       *       *       *       *       *       *       *
```

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion to Amend Complaint to Add Class Action Allegations and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

The Plaintiffs in the instant action are twenty-five individuals who allege that Defendants obtained their credit reports for no permissible purpose under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). At present, Plaintiffs are pursuing the following nine[1] Counts:

    COUNT ONE      Willful Violation of the FCRA Under False Pretenses - 15 U.S.C. § 1681n and § 1681q

    COUNT TWO      Willful Violation of the FCRA - 15 U.S.C. § 1681e and § 1681n

---

[1] Two of the eleven counts set forth in the Amended Complaint were dismissed by Memorandum and Order issued December 3, 2001.

| | |
|---|---|
| COUNT THREE | Negligent Violation of the FCRA - 15 U.S.C. § 1681e and § 1681o |
| COUNT FOUR | Willful Refusal to Disclose Information - 15 U.S.C. § 1681d(b) and § 1681g(a)(3)(A) |
| COUNT FIVE | Negligent Refusal to Disclose Information - 15 U.S.C. § 1681d(b) and § 1681g(a)(3)(A) |
| COUNT SIX | Willful Violation of MD Com. Law § 14-1201, et seq. (John Doe 1) |
| COUNT SEVEN | Willful Violation of MD Com. Law § 14-1201, et seq. (BAC) |
| COUNT EIGHT | Willful Violation of MD Com. Law § 14-1201, et seq. (BAC - 8 of the 25 Plaintiffs) |
| COUNT NINE | Violation of Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, et seq. |

By the instant motion, filed June 6, 2002, some sixteen months after the lawsuit commenced, Plaintiffs seek leave to file a Class Action Complaint on behalf of a putative class of

> "All consumers who had their consumer reports accessed by defendants Bank of America Corporation and/or Banc of America Auto Finance Corp. and for whom the defendants have no application for credit dated contemporaneously therewith or any other record justifying the access of the consumer report from October 1, 1999 to July 17, 2002."

With respect to the members of the putative class, Plaintiffs seek recovery on behalf of themselves and, presumably, each putative class member, for statutory damages of the full $1,000 provided for by 15 U.S.C. § 1681n(a)(1). Actual damages

2

of $250,000 per Plaintiff under § 1681n(a)(1) is claimed for intangible (i.e., non-pecuniary) damages arising from the invasion of privacy implicit from Defendants illegally obtaining Plaintiffs' credit reports. These "intangible damages" include "injury to sense of well being and emotional distress from the violation of the privacy of Plaintiffs' financial affairs." Plaintiffs' Second Amended Answers to Defendant Bank of America's Interrogatories, Int. No. 3, Second Amended Complaint.

The matter before the Court can be resolved, with little discussion, due to the absence of a requisite degree of commonality among the putative class members alleged causes of action.

Rule 23(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> An action may be maintained as a class action if the prerequisites of [Rule 23(a)] are satisfied[2], and in addition:
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
> (B) adjudications with respect to individual members of the class which

---

[2] The court will assume, for present purposes, that there are no issues with regard to Rule 23(a).

>   would as a practical matter be dispositive of
>   the interests of the other members not
>   parties to the adjudications or substantially
>   impair or impede their ability to protect
>   their interests; or
>           (2) the party opposing the class
>   has acted or refused to act on grounds
>   generally applicable to the class, thereby
>   making appropriate final injunctive relief or
>   corresponding declaratory relief with respect
>   to the class as a whole; or
>           (3) the court finds that the
>   questions of law or fact common to the
>   members of the class predominate over any
>   questions affecting only individual members.

There has been no showing that Rule 23(b)(1) would be pertinent.

As to Rule 23(b)(2), Plaintiffs did not even seek injunctive or declaratory relief in the proffered Class Action Complaint. Nor was such relief sought in any prior complaint herein.  In view of the long-expired deadlines for amendment of the pleadings, the Court will not give Plaintiffs leave to amend the Complaint to add such demands to the case.

As to Rule 23(c), there is a manifest absence of the necessary commonality.  The Court will assume, without deciding, that the definition of the class would avoid problems with the propriety of Defendants' action with respect to each individual class member.  Thus it is assumed, _arguendo_, that as to liability, questions of law and/or fact common to the putative class predominate over questions affecting only individual

members. Nevertheless, there would still be a necessity for individualized determinations of the damages to be awarded.

As set forth in the proffered class action complaint, each putative class member would be entitled to damages for the invasion of his or her privacy, including "injury to sense of well being and emotional distress from the violation of [his or her] financial affairs." The Court does not, therefore, find that questions of law or fact common to members of the class predominate over any questions affecting only individual members. Indeed, in the context of a class which, by definition, includes persons who are seeking damages for emotional distress, there is a strong predominance of questions affecting individual members rather than the class as a whole.

For the foregoing reasons:

1. Plaintiff's Motion to Amend Complaint to Add Class Action Allegations is DENIED.

2. The Second Amended Class Action Complaint shall not be filed herein.

SO ORDERED this 2nd day of October, 2002.

/s/ Marvin J. Garbis
Marvin J. Garbis
United States District Judge