IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EARLE E. AUSHERMAN, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. MJG 01-438 |
| BANK OF AMERICA CORPORATION *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Defendants, Bank of America Corporation ("BAC") and Banc of America Auto Finance Corp. ("BAAF") (collectively "Defendants"), through their undersigned counsel and pursuant to 15 U.S.C. §§ 1681n and o, Fed.R.Civ.P. 11, 28 U.S.C. § 1927, this Court's inherent authority and Local Rule 109.2, hereby request that this Court order Plaintiffs and their counsel to reimburse them for their attorneys' fees as hereinafter set forth. A Memorandum in support of this Motion shall be filed in accordance with Local Rule 109.2.

This case was filed over two years ago, at which time the Plaintiffs simultaneously launched their case against the Defendants in the press. In both their Complaint and in their counsel's statements to the press, Plaintiffs alleged that an unknown and unidentified employee of either BAC or BAAF[1] ("John Doe Number 1" ("JD1")) participated in a "black market" enterprise to obtain credit reports under false pretenses and to sell those reports to another unknown and unidentified third party ("John Doe Number 2" ("JD2")). Collectively, the Plaintiffs sought more than $81 million from the Defendants.

---

[1] Through discovery, it was learned that Plaintiffs' theory of liability against BAC was solely as a parent of BAAF. *See* Paper No. 211 at 6.

758800.1 4/1/03

As the case progressed, and as the record clearly shows, Defendants learned that Plaintiffs lacked entirely any factual support for their sweeping allegations. In fact, even after the close of discovery, the Plaintiffs admitted that they did not have any information on the identities of JD1 and JD2. Accordingly, as was argued in Defendants' Motion for Summary Judgment and as was noted by Judge Garbis's Memorandum and Order granting the Motion, in the absence of such evidence, no reasonable jury could find the Defendants liable for the alleged acts of JD1 or JD2. *See* Paper No. 211 at 9. Accordingly, judgment was entered in favor of the Defendants on March 18, 2003. *See* Paper No. 214.

Although the Plaintiffs were eventually forced to admit that the factual basis for their case was entirely lacking, they did so unwillingly. Throughout discovery, Plaintiffs attempted to avoid Defendants' direct requests for this information, by refusing to serve verified answers to interrogatories and refusing to provide any documents from any individual Plaintiff. When the Defendants deposed the individual Plaintiffs, they learned that the Plaintiffs themselves claimed no knowledge regarding the alleged connection between JD1 and the Defendants. Thus, after numerous motions to compel, Defendants were permitted to depose Plaintiffs' counsel, whose actions leading up to and including his deposition led Magistrate Judge Grimm to refer the matter to the Attorney Disciplinary Committee. *See Ausherman v. Bank of America Corp*. 212 F.Supp.2d 435 (D.Md. 2002). Nonetheless, the deposition of Plaintiffs' counsel re-confirmed the fact that Plaintiffs' allegations against the Defendants lacked basis in fact.

Although the record in the case was entirely one-sided in favor of the Defendants by the close of discovery (at the latest), Plaintiffs and their counsel refused to recognize the fatal flaws of their case. Instead, Plaintiffs filed a Motion for Partial Summary

Judgment against BAAF, attempting to ignore the fact that they could not establish any connection between the alleged wrongdoer (JD1) and BAAF, nor could they establish any direct evidence of wrongdoing against BAAF.  As a result, Defendants were forced to oppose Plaintiffs' Motion and to file their own Cross Motion for Summary Judgment, which, as mentioned above, was dispositive of the case.  Plaintiffs opposed Defendants' Cross Motion, again, despite the fact that they had no evidence against BAAF, and, further despite the fact that they did not provide *any* evidence, "***nor any argument*** -- to support [their] bare assertion that BAC should be liable for the [alleged] acts of BAAF."  *See* Paper No. 211 at 8 (emphasis supplied).

In addition to Plaintiffs' filings on summary judgment, Plaintiffs and their counsel further escalated the proceedings by attempting to have Magistrate Judge Grimm recused from the case.  Nearly two years into the proceedings, Plaintiffs requested recusal on the sole basis that the Magistrate Judge presiding over discovery in the case entered into a Deed of Trust with Bank of America, FSB, a non-party to the litigation, more than five years prior.  After the issues were fully briefed by the parties, Plaintiffs' request was denied.  *See* Paper No. 157.  The opinion was based, in part, upon an opinion issued by the Committee on Codes of Conduct, which explicitly provided that "[a] judge who is indebted to a bank in a routine loan transaction is not thereby disqualified from cases in which a bank is a party."  *See Guide to Judiciary Policies and Procedures*, Compendium V-i, V-27 (2001), cited in Paper No. 157 at 4.  Again, although Plaintiffs' request lacked basis in fact and in the law, Plaintiffs refused to recognize the fatal flaws in their argument, continuing to press forward with objections to the Magistrate Judge's order, which were denied, followed by a request for writ of mandamus, which was denied by the Court of Appeals.

Pursuant to the collective authority of (a) 15 U.S.C. §§ 1681n and o, which permits an award of fees incurred by a prevailing party in responding to a "pleading, motion or other paper . . . filed in bad faith or for purposes of harassment"; (b) Rule 11, permitting sanctions for, *inter alia*, the filing of any paper "for any improper purpose" or for including in any such paper any allegations that lack proper evidentiary support, *see* Fed.R.Civ.P. 11(b); (c) 28 U.S.C. § 1927, which authorizes sanctions against any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously"; and (d) this Court's inherent authority to prevent litigation abuse, *see, e.g., Chambers v. NASCO*, 501 U.S. 32 (1991), Defendants request that they be reimbursed for the fees incurred as a result of the bad faith acts of the Plaintiffs and their counsel, in the approximate amount of $60,000 - $70,000.

Defendants reserve the right to modify this request to the extent necessary at the time their Memorandum in support of this Motion is due, pursuant to Local Rule 109.2.

Respectfully submitted,

_____
Ava Lias-Booker, Bar No. 05022
David E. Ralph, Bar No. 23500
Jennifer Brune Speargas, Bar No. 26257
Saul Ewing LLP
100 South Charles Street
Baltimore, Maryland 21201
(410) 332-8600
(410) 332-8862 (Fax)

Attorneys for Defendants
Bank of America Corporation and
Banc of America Auto Finance Corp.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EARLE E. AUSHERMAN, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. MJG 01-438 |
| BANK OF AMERICA CORPORATION *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2003, a copy of the Defendants' Motion for Attorneys' Fees which was electronically filed in this case was mailed, first-class, postage prepaid to:

> John T. Murray, Esquire
> Sylvia M. Antalis, Esquire
> Murray & Murray
> 111 East Shoreline Drive, P.O. Box 19
> Sandusky, Ohio 44871-0019

> _____
> Ava Lias-Booker, Bar No. 05022
> David E. Ralph, Bar No. 23500
> Jennifer Brune Speargas, Bar No. 26257
> Saul Ewing LLP
> 100 South Charles Street
> Baltimore, Maryland 21201
> (410) 332-8600
> (410) 332-8862 (Fax)
>
> Attorneys for Defendants
> Bank of America Corporation and
> Banc of America Auto Finance Corp.

758800.1 4/1/03