UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| EARLE E. AUSHERMAN, et al.    ) | |
|   ) | |
|         Plaintiffs,    ) | |
|   ) | |
| v.    ) | Civil Action No. MJG-01-CV-438 |
|   ) | |
| BANK OF AMERICA CORPORATION, et al.    ) | |
|   ) | |
|         Defendants.    ) | |

**STATEMENT OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR ATTORNEYS' FEES**

**INTRODUCTION**

Local Rule 105.8.b states that unless ordered by the Court, a party need not respond to any motion filed under Fed. R. Civ. P. 11 or 28 U.S.C. §1927, and that the Court shall not grant any motion without requesting a response. Defendants' Motion sought relief under both these provisions. This Court has not ordered a response to defendants Motion. Plaintiffs therefore limit this Opposition to the other components of defendants Motion.[1]

**ARGUMENT**

**1. Defendants Waived Fees By Failure To Comply With Court's Order And Local Rules.**

This Court's Scheduling Order of stated that "[i]n any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule

---

[1] In the event that this Court considers imposition of sanctions under either of these provisions, plaintiffs request a full opportunity to make issue-specific responses, as set forth in Local Rule 105.8.b, before any decision is rendered.

1

109.2..." This admonition is material to the instant Motion, as defendants seek fees under the Fair Credit Reporting Act's own provisions, the statute which was at issue in the this case.

Local Rule 109.b states that any motion requesting the award of attorney's fees *"must set forth*...a detailed description of the work performed broken down by hours or fractions thereof expended on each task, the attorney's customary fee for such like work, the customary fee for like work prevailing in the attorney's community, a listing of any expenditures for which reimbursement is sought..." (emphasis added). In violation of Local Rule 109.b, Defendants' Motion contains none of this required information. Defendants instead state that they seek fees "in the approximate amount of $60,000 - $70,00," a demand entirely incapable of analysis by plaintiffs or this Court.[2]

Defendants failure to comply with the plain language of the Local Rules constitutes a waiver of attorneys fees. Failure to comply with time limits, such as defendants' failure to submit an itemized request in the case at bar, operates to waive a party's ability to claim attorney's fees. *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824-825 (9th Cir. 1996); *United Industries, Inc. v. Simon-Hartley*, Ltd., 91 F.3d 762, 765-766 (5th Cir. 1996); *Sol Salins, Inc. v. W.M. Ercanbrack Co., Inc.*, 155 F.R.D. 4-5 (D.D.C. 1994).

---

[2] Detailed information would have been particular important, since defendants are apparently attempting to obtain recovery twice for the same work. Defendants were awarded discovery sanctions under Fed. R. Civ. P. 37 in the form of attorneys fees in *Ausherman v. Bank of America Corp.*, 212 F.Supp.2d 435 (D. Md. 2002). In their instant Motion, they cite that same course of conduct as grounds for the imposition of attorneys fees under a different remedial scheme. If defendants were dissatisfied with the amount of attorneys fees awarded to them for discovery violations by a magistrate judge, the correct course of conduct was to note an objection under Fed. R. Civ. P. 72(a). They cannot instead seek payment twice for the same work.

**2. Defendants Lack Substantive Entitlement To Fees.**

An action is not unreasonable or without foundation merely because the plaintiff does not prevail. *Christianburg Garmet Co. v. EEOC*, 434 U.S. 412, 421-422, 98 S.Ct. 694, 700-701 (1978); *Matthews v. Lancaster General Hospital*, 87 F.3d 624, 642 (3rd Cir. 1996). A district Court cannot shift attorneys fees as a sanction absent extraordinary circumstances such as a finding of bad faith.[3] *Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 543 (4th Cir. 2002). To warrant imposition of attorney's fees, the court must find that a party's claim was both: (1) meritless; and (2) brought for improper purposes. *Kerin v. U.S. Postal Service*, 218 F.3d 185, 190 (2d Cir. 2000). This test is conjunctive, and neither factor will alone suffice. *Id*.

The finding of bad faith must be made by clear and convincing evidence. *Association of American Physicians and Surgeons, Inc. v. Clinton*, 187 F.3d 655, 660 (D.C. Cir. 1999). No such finding was adumbrated in this Court's March 18, 2003 Memorandum and Order.

The first "evidence" of bad faith cited by defendants is plaintiffs use of "John Doe" defendants. Motion for Attorney's Fees at p.2. There is nothing unusual about identifying John Doe defendants in Fair Credit Reporting Act litigation. In fact, such identification represents the standard of practice where the credit report identifies the entity which ran a report. *See, e.g., Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41 (2d Cir. 1997). In any event, plaintiffs seasonably sought to amend their Complaint to remove the John Doe defendants.

On June 5, 2002, during the course of discovery, plaintiffs filed a Motion to Amend. The proposed "Second Amended, Class Action Complaint" attached to that Motion redacted all

---

[3] The standard for imposition of attorney's fees under the Fair Credit Reporting Act, 15 U.S.C. §§1681n(c) and 1681o(b) is also bad faith. *Edge v. Professional Claims Bureau, Inc.*, 64 F.Supp.2d 115, 119 (E.D.N.Y. 1999).

3

mention of the John Doe defendants. As required by Local Rule 103.6.c, plaintiffs filed with their Motion to Amend a highlighted copy of their proposed modifications to the Amended Complaint showing that the John Does were being removed. This Court, however, refused to accept plaintiffs' proposed amendments. *See* October 2, 2002 Memorandum and Order. Plaintiffs cannot be said to have been acting in bad faith by keeping John Doe defendants when they seasonably moved to amend to remove them.

One of the other reasons for which defendants seek fees is plaintiffs filing of a Motion to Recuse Magistrate Judge Grimm. Motion for Attorneys' Fees at p.3.[4] The grounds for plaintiffs' Motion to Recuse was plaintiffs' discovery that a Bank of America company held Judge Grimms' mortgage. Neither defendants, plaintiffs, Judge Grimm nor this Honorable Court were able to cite a decision by any federal court dealing with these circumstances. Plaintiffs' Motion to Recuse thus constituted an issue of first impression. To impose attorney's fees in such a situation would have a chilling effect on litigants. *See, e.g., CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir. 1993).

Defendants also complain that plaintiffs filed a Petition for Writ of Mandamus on the recusal issue. *Id*. First, Fourth Circuit Local Rule 21(b) does not require a response to a petition for writ of mandamus unless one is requested. No response was requested, so defendants cannot maintain they needed to oppose plaintiffs' Petition. Second, mandamus is available in this Circuit in questions of recusal. *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). Third, this Honorable Court stated "Plaintiffs are free to proceed in an appellate court to obtain a writ of mandamus requiring recusal." September 20, 2002 Memorandum and Order Re Recusal. It is difficult to imagine that

---

[4] The third factual predicate for imposition of fees was the matter set forth above in n.2.

4

plaintiffs filing a Petition for Writ of Mandamus was done in bad faith where this Honorable Court specifically invited the action.

## CONCLUSION

Defendants have failed to meet both the procedural and substantive requirements for imposition of sanctions in the form of attorney's fees.

Wherefore, plaintiffs respectfully request that this Honorable Court deny Defendants' Motion for Attorneys' Fees. In the event defendants file an additional memorandum, which they suggested at p.4 of their Motion they may do, plaintiffs request the right to file an opposition to any such pleading.

## REQUEST FOR ORAL HEARING

Plaintiffs request a hearing on defendants' Motion for Attorneys' Fees pursuant to Local Rule 105.6.

Respectfully submitted,

/s/
_____
Rodney R. Sweetland, III
2315 40th Place, N.W., #304
Washington, D.C. 20007
(202) 965-1273
Federal Bar No. 12707