IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EARLE E. AUSHERMAN, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. MJG 01-438 |
| BANK OF AMERICA CORPORATION *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF BILL OF COSTS</u>**

Defendants, Bank of America Corporation ("BAC") and Banc of America Auto Finance Corp. ("BAAF") (collectively "Defendants"), through their undersigned counsel, submit this reply memorandum in support of their bill of costs, stating as follows:

The Plaintiffs have filed objections to Defendants' Bill of Costs requesting that the "video costs" incurred by Defendants in connection with certain Plaintiffs' depositions not be taxed by the Court.  *See* Paper No. 220.  In support of their argument, Plaintiffs cite *Cherry v. Champion Internat'l Corp.*, 186 F.3d 442 (4th Cir. 1999), which held that taxation of costs for video depositions is permitted under 28 U.S.C. § 1920(2), upon a showing that the costs of the video were "necessarily obtained for use in the case." *Id.* at 449.  In *Cherry*, the Court refused to award costs for both the transcript and the video *recording* because the party requesting costs did not prove that both were "necessary."  *Id.* (Emphasis supplied).

First, to clarify the nature of the costs incurred in the case at bar, it is important to note that they were associated with video transmission, as opposed to video recording.  The

Defendants did not actually record the depositions by video, but instead conducted the depositions by video, *i.e.*, remote electronic transmission. This distinction is not without a difference. Unlike the *Cherry* case, where the party requesting costs obtained both a video copy of the deposition as well as a written transcript, in this case, Defendants obtained only the written transcript.  The video costs requested are those incurred as a result of the remote electronic transmission, not as the result of an actual videotaped deposition.

Second, as mentioned in Defendants' Memorandum in Support of its Bill of Costs, the manner in which the Plaintiffs' depositions were conducted was the result of a Court Order granting Defendants' Motion to Compel those depositions (and, in turn, denying Plaintiffs' Motion for Protective Order).  *See* Paper No. 41.  After a telephonic hearing, Magistrate Judge Grimm ordered each of the Plaintiffs to submit to depositions upon oral examination. *See* Paper No. 50.  Although the 25 Plaintiffs sought to limit Defendants to the presumptive 10-deposition limit set forth in Fed.R.Civ.P. 30(a)(2)(a), the Court held that because the Plaintiffs were seeking individualized damages, depositions of each individual Plaintiff were warranted.  *See* Transcript of February 4, 2002 Telephonic Hearing, attached hereto as Exhibit 1 at 11.  As a concession to the individual Plaintiffs, however, it was further ordered that any Plaintiff residing outside of the 100 mile radius of the Court had to be deposed by telephone or by remote electronic transmission. *See* Exhibit 1 at 9.

In conducting the depositions by remote electronic transmission, Plaintiffs were relieved of the travel expenses that otherwise would have been incurred.  Defendants, however, were compelled to incur the costs of the remote transmission, first, because it was explicitly ordered by the Court, and second, because the depositions at issue were Defendants'

761579.1 4/24/03

-2-

single opportunity to view the individual Plaintiffs prior to trial. For each of these reasons, use of the video transmission was "necessary" to Defendants' case and should be taxed by the Court.

As Plaintiffs have not objected to any other costs set forth on Defendants' Bill of Costs and as all costs set forth therein are taxable, Defendants hereby renew their request that they be awarded deposition transcript and video transmission fees in the amount of $7,962.00; hearing transcript fees in the amount of $150.00; witness fees in the amount of $61.90 and photocopying fees in the amount of $285.20; for a total of $8,459.10.

        Respectfully submitted,

        _____
        Ava Lias-Booker, Bar No. 05022
        David E. Ralph, Bar No. 23500
        Jennifer Brune Speargas, Bar No. 26257
        Saul Ewing LLP
        100 South Charles Street
        Baltimore, Maryland 21201
        (410) 332-8600
        (410) 332-8862 (Fax)

        Attorneys for Defendants
        Bank of America Corporation and
        Banc of America Auto Finance Corp.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EARLE E. AUSHERMAN, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. MJG 01-438 |
| BANK OF AMERICA CORPORATION *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, 2003, a copy of the Defendants' Reply Memorandum in Support of Bill of Costs which was electronically filed in this case was mailed, first-class, postage prepaid to:

    John T. Murray, Esquire
    Sylvia M. Antalis, Esquire
    Murray & Murray
    111 East Shoreline Drive, P.O. Box 19
    Sandusky, Ohio 44871-0019

    //s//
    Ava Lias-Booker, Bar No. 05022
    David E. Ralph, Bar No. 23500
    Jennifer Brune Speargas, Bar No. 26257
    Saul Ewing LLP
    100 South Charles Street
    Baltimore, Maryland 21201
    (410) 332-8600
    (410) 332-8862 (Fax)

    Attorneys for Defendants
    Bank of America Corporation and
    Banc of America Auto Finance Corp.