1

1    IN THE UNITED STATES DISTRICT COURT
2        FOR THE DISTRICT OF MARYLAND
3             (NORTHERN DIVISION)
4    ---------------------------------x
5    EARLE E. AUSHERMAN, et al.,      x   Civil Action No.
6         Plaintiffs                  x   MJG-01-CV-438
7    v.                               x
8    BANK OF AMERICA CORPORATION,     x   ORIGINAL
9    et al.,                          x
10        Defendants                  x
11   ---------------------------------x
12
13   TELEPHONIC HEARING ON OPEN DISCOVERY MOTIONS
14            Baltimore, Maryland
15          Monday, February 4, 2002
16                2:00 P.M.
17
18   BEFORE:  THE HONORABLE PAUL W. GRIMM
19
20   Job No. 10660-9
21   Pages 1 - 19
22   Reported by:  Sharon D. Livingston



**L.A.D. REPORTING COMPANY, INC.**
1100 Connecticut Avenue, NW • Suite 1150, Washington, D.C. 20036 • 202.861.3410
Fax: 202.861.3425 • 800.292.4789 • Website: ladreporting.com • E-mail: lisa@ladreporting.com
NATIONWIDE COURT REPORTERS AND VIDEOGRAPHERS

TELEPHONIC HEARING ON OPEN DISCOVERY MOTIONS
CONDUCTED ON MONDAY, FEBRUARY 4, 2002

9

1   plaintiffs they will be deposed in Baltimore subject
2   to the following limitations.  The depositions will
3   not exceed two hours in length, which the defendants
4   agreed on their own, which was a reasonable
5   limitation on the length.  This assumes of course
6   that the answers to the questions will be responsive
7   and nonevasive, as is required by Rule 37 A 3.  And
8   those depositions, if I remember correctly, the Rule
9   33 interrogatory responses are due today, so
10  hopefully the defendants will not need the entire
11  two-hour period of time because they will have the
12  substance, no doubt, of their claims and their
13  damages in the interrogatory answers as well.  So two
14  hours is the outside limit provided the answers are
15  responsive and nonevasive.
16          As to the remaining plaintiffs who reside
17  more than 100 miles away, I will permit their
18  depositions to be taken, but they will be taken by
19  telephone or by remote electronic transmission so
20  that they do not actually have to come to this area
21  in order to have their depositions taken.  Those
22  depositions also will be limited to two hours in

TELEPHONIC HEARING ON OPEN DISCOVERY MOTIONS
CONDUCTED ON MONDAY, FEBRUARY 4, 2002

11

1  April cutoff coming up, you both have an interest in
2  getting the information that need to proceed forward,
3  so work that out. I would think that you would be
4  able to resolve any scheduling issues within that
5  time. If there's a problem, then counsel can let me
6  know.
7         Obviously any deposition questions of the
8  telephone depositions would have to require
9  coordination of documents in advance so that that can
10 be done efficiently, and we can go from there. I am
11 persuaded that even though Mr. Sweetland has
12 proffered that the plaintiffs would say that they
13 don't know how their names came about to be selected
14 for their credit reports being ordered, the
15 defendants' primary point which persuaded me to
16 exceed the 25 limit was the fact that each plaintiff
17 might have different damages. And while damages can
18 be obtained through interrogatory answers, they are
19 typically not as efficient in that regard as
20 deposition testimony. So I am persuaded on balance
21 that by allowing the 25 depositions as requested, not
22 requiring face-to-face depositions for the remote