```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

EARLE E. AUSHERMAN, et al.    *

           Plaintiffs          *

       vs.                     *  CIVIL ACTION NO. MJG-01-438

BANK OF AMERICA CORPORATION,   *
et al.
           Defendants          *

*    *    *    *    *    *    *    *    *
```

## MEMORANDUM AND ORDER

The Court has before it the Motion for an Extension of Time filed by Plaintiffs' counsel [Paper 232] and adopted by Plaintiffs together with the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

On April 1, 2003, Defendants filed the pending Motion for Attorney's Fees [Paper 227]. On August 11, 2003 the Court granted the motion without prejudice to reconsideration in light of then pending appellate proceedings. In December of 2003, the United States Court of Appeals for the Fourth Circuit affirmed this Court's grant of summary judgment to Defendants. <u>Ausherman v. Bank of America Corp.</u>, 352 F.3d 896 (4th Cir. 2003). On January 13, 2004 the Judgment of the appellate court was filed.

On January 27, 2004 the Defendants filed the currently pending Motion for Attorneys' Fees [Paper 227]. By the

instant motion, Plaintiffs' counsel and Plaintiffs seek to defer responding to the pending fee motion until fifteen days after the conclusion of pending disciplinary proceedings involving Plaintiffs' counsel.

The Court finds no valid reason to defer any response to the pending fee motion or to delay a decision on this motion until after resolution of any disciplinary proceedings against Plaintiffs' counsel. Whatever may be the nature and status of any such disciplinary proceedings,[1] there is no interrelationship between any such proceedings and the matters to be resolved by this Court.

Nothing that may happen in regard to any such disciplinary proceedings will have any effect, whatsoever, on the issues presented to this Court on the pending fee motion. The undersigned judge, a member of the Discipline Committee of this Court has recused himself from participation in any disciplinary proceedings involving Plaintiffs' counsel. Moreover, even if any issues in any disciplinary proceedings may overlap with issues presented in the instant case, the

---

[1] Defendants note that there may be a public record reference to a referral for disciplinary proceedings by Magistrate Judge Grimm. See Ausherman v. Bank of America Corp., 212 F.Supp. 2d 435 (D.Md. 2002). Nevertheless, the nature and status of any pending disciplinary proceedings are confidential.

happenstance would be completely immaterial.  This Court will not be considering whatever evidence may be presented in the disciplinary proceedings, and the decision on the instant fee motion will not be affected in any way by whatever may be determined therein.[2]

Furthermore, the Court will not countenance delaying tactics in regard to the response to the pending fee motion. Plaintiffs and counsel do not need "clarification" as to the targets of the pending fee motion. See the Motion for an Extension of Time at 3, n. 2.  As expressly stated on the first page of the Motion, Defendants request the Court to "order <u>Plaintiffs and their counsel</u> to reimburse them for their attorneys' fees."  (Emphasis added)

If Plaintiffs' counsel perceives that there is a conflict of interest between himself and his clients, he must take such steps as may be required by pertinent ethical standards. However, neither Plaintiffs' counsel nor Plaintiffs are entitled to defer the instant matter during the pendency of disciplinary proceedings against Plaintiffs' counsel.

---

[2]   Nor does it appear to the undersigned judge that this Court's resolution of the pending fee motion for attorney's fees would be material to any disciplinary proceedings.  Of course, those judges deciding any disciplinary issues will determine what is, and what is not material to them.

Accordingly, Plaintiffs must not expect that the Court will be receptive to a request for a delay in their response due to a need to obtain new counsel when their present counsel has, since at least the January 27, 2004 filing of the pending fee motion, been well aware that fees are sought from Plaintiffs as well as their counsel.  Moreover, the Court is providing ample time for the preparation of a response even if new counsel were needed.

Finally, the Court notes the absence of any reason for the sealing of any further filings relating to the pending motion for attorneys' fees.  There is no reason for any reference to any confidential matters, if there need be any reference at all, relating to any disciplinary proceedings against Plaintiffs' counsel.

For the foregoing reasons:

1. The Motion for an Extension of Time filed by Plaintiffs' counsel [Paper 232] and adopted by Plaintiffs is DENIED.

2. Plaintiffs and Plaintiffs' counsel shall respond to Defendant's Motion for Attorneys Fees [Paper 227] by March 22, 2004.

3. This document shall not be filed under seal.

SO ORDERED, on <u>Tuesday, February 24, 2004</u>.

/ s /
Marvin J. Garbis
United States District Judge

4