IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EARLE E. AUSHERMAN, *et al.*

Plaintiffs

vs.                                                CIVIL ACTION NO. MJG-01-438

BANK OF AMERICA CORPORATION, *et al.*

Defendants.

..o0o..

**<u>ORDER</u>**

On March 18, 2003, a Memorandum and Order was entered denying the plaintiffs' motion for partial summary judgment and granting the defendants' cross-motion for summary judgment. (Paper No. 211   Also entered on March 18, 2003, was this court's Order entering judgment in favor of defendants and against the plaintiffs and dismissing all claims with prejudice and with costs. (Paper No. 214.) A notice of appeal was filed on March 19, 2003.[1]

On April 1, 2003, defendants filed a Bill of Costs request, pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, seeking the award of $8,459.10 in fees associated with court reporter transcription of depositions and hearings, video-conferencing, witness appearances, and copy work. (Paper No. 216.) On April 17, 2003, plaintiffs filed an opposition, asking that the $2,850.00 in video costs associated with several depositions be disallowed. (Paper No. 220.) On April 24, 2003, defendants filed their reply. (Paper No. 222.) The cost requests may now be considered. Oral

---

[1] The United States Court of Appeals for the Fourth Circuit affirmed the judgment on December 19, 2003. The mandate was issued on January 12, 2004.

hearing is deemed unnecessary.  *See* Local Rule 105.6 (D.Md. 2001).

I. *Court Reporter Fees for Depositions and Hearing Transcripts*

Defendants seek the award of $7,962.00 in court reporter transcription and video transmission costs related to sixteen deposition transcripts, as well as $150.00 in costs associated with the transcript of a February 2002 telephone conference held by Magistrate Judge Paul W. Grimm regarding outstanding discovery matters.  As previously indicated, the plaintiffs only dispute the taxation of costs associated with the video transmissions of the depositions.  In their reply, defendants claim that the remote electronic or video transmission manner of recording the depositions should not be considered a duplicate cost.  They assert that they only obtained the written transcript version of the depositions and the video costs requested were "those incurred as a result of the remote electronic transmission, not as a result of an actual videotaped deposition." Defendants further allege that the manner in which the depositions were conducted was a result of court order.

The court shall grant the following unopposed deposition transcript costs:

| | |
|---|---|
| Ronnie Hogue | $ 530.75 |
| Freda Hogue | 381.00 |
| Paul Werbos | 434.00 |
| Ludmilla Werbos | 297.50 |
| Earle Ausherman | 413.75 |
| Richard Lammonds | 304.50 |
| Paul Simons | 255.50 |
| John Elder | 256.75 |
| Shauna Hunter | 269.75 |
| Benjamin Salazar | 279.50 |
| Ricardo Colon | 269.75 |
| Stephanie Ball | 338.00 |
| Anna Hamilton | 351.00 |
| Evan Hendricks | 644.00 |
| Stephanie Adams | 47.50 |

2

Susan Cambron                                           38.75

Further, after review of the pleadings and invoices, as well as Judge Grimm's ruling and instructions related to defendants' motion to depose all twenty-five plaintiffs, the court shall award the fees associated with the video-conferencing facilities utilized for the electronic transmission of the Paul Simons ($650.00), John Elder ($550.00), Shauna Hunter ($550.00), Benjamin Salazar ($550.00), and Stephanie Ball ($550.00) depositions. While Judge Grimm permitted the taking of depositions as to all plaintiffs, he specifically directed that telephone or remote electronic transmission would be the only manner of obtaining the depositions for plaintiffs who resided more than 100 miles away from the Baltimore area. Absent a showing that such costs exceeded the normal rate or are somehow otherwise excessive, plaintiffs are not at liberty to challenge the costs associated with the transmissions. Further, the request is not analogous to the taxation cost disallowed in *Cherry v. Champion Int'l Corp.*, 186 F.3d 442 (4th Cir. 1999)(no recovery of both transcribed and video depositions) and is therefore recoverable.

In addition, defendants seek court reporter fees of $150.00 related to a February 4, 2002 telephone conference before Judge Grimm, which was electronically transcribed. This cost is not opposed and shall be awarded in full.

Total court reporter costs in the amount of $8,112.00 shall be awarded in favor of defendants.

## II. *Fees for Witnesses*

Defendants' request for the taxation of attendance and travel fees associated with Evan Hendricks's deposition remains unopposed. This item shall be allowed under 28 U.S.C. §§ 1920(3) and 1821(a)(1) & (b) in the amount of $61.90.

III. *Expert Fees*

Plaintiffs do not oppose defendants' taxation request for $285.20 in copy work costs for the filing of various motions and opposition responses. The cost request is allowable and appears reasonable. *See Stratton v. Equitable Bank*, Civil Action No. HAR-88-1485 ('[P]hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." *c.f. Sun Publishing Company, Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984)).

For the aforementioned reasons, costs shall be awarded in favor of defendants and against plaintiffs in the amount of $8,459.10. This Order shall be docketed and mailed to counsel.

Dated this 24th day of March, 2004.

*/s/ Marvin J. Garbis*
Marvin J. Garbis
United States District Judge

4