Westlaw.

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1979 WL 52 (D.S.C.), 21 Empl. Prac. Dec. P 30,476, 28 Fed.R.Serv.2d 1330
**(Cite as: 1979 WL 52 (D.S.C.))**

United States District Court; D. South Carolina, Columbia Division.
**Theodore Wheeler et al., Plaintiffs**
v.
**Anchor Continental, Inc., Defendant.**
**Civil Action No. 77-2004**

November 21, 1979

HEMPHILL, D.J.

**\*1** Before this court for decision are two motions of the opposing parties to modify the Record on Appeal pursuant to Rule 10, Federal Rules of Civil Procedure. Plaintiffs seek to modify the record by inclusion of several documents concerning an Equal Employment Opportunity Commission (EEOC) investigation into the dispute which is at issue before this court. Defendant's motion requests that certain pages which were included in a reply memorandum filed by plaintiffs, but later replaced by corrected pages, be included in the Record on Appeal as being relevant to the subject matter of the appeal. After consideration of counsel's briefs and the cases interpreting Rule 10, this court is of the opinion that plaintiffs' motion is without merit and should be refused, and that defendant's motion is meritorious and that an order should issue incorporating the subject documents into the Record of Appeal.

On December 28, 1978, pursuant to defendant's motion for costs, this court awarded costs personally against plaintiffs' attorneys, said award being based in part on misrepresentations made by plaintiffs' attorneys in their *Reply Memorandum in Opposition to Defendant's Memorandum in Opposition to Plaintiffs' Motion for Class Action Determination* [hereinafter *Plaintiffs' Reply Memorandum*] and the fact that only some of those misrepresentations had been tardily corrected by plaintiffs' attorneys. That order, not the merits of this case, is the subject matter of the present appeal. Because the present appeal is not as to the merits of the case, the documents sought to be included on the record by plaintiffs were not made a part of the original appendix of the Record on Appeal. This refers of course to the EEOC determination letter of November 4, 1976, and the "conciliation failure: notice of right to sue" form dated for certified mail on July 6, 1977.

*[Proposed Augmentation]*
Plaintiffs' attorneys have raised this court's finding concerning the misrepresentation as an error on appeal, claiming that the misrepresentations were insignificant and were duly corrected. In light of this contention on appeal, defendant asserts that it is essential that the Record on Appeal accurately reflect the matters which were the subject of defendant's *Motion for Costs* and which were before this court when it resolved that part of defendant's motion. In this regard, plaintiffs' attorneys earlier stipulated to including *Plaintiffs' Reply Memorandum* in the record. However, the original pages and correspondence filed by plaintiffs' attorneys have been omitted from the Record on Appeal. *(See* affidavit of attorney Spears.) The original pages of Plaintiffs' Reply Memorandum that this court found to contain the misrepresentations were not forwarded to the Fourth Circuit as part of the record, although they were a part of the record before the district court. *(See* affidavit of attorney Spears.) Defendant's motion now requests that this court permit a Supplemental Record to be forwarded to the Circuit Court containing the following items filed in the district court by plaintiffs' attorneys:

**\*2** 1. *Plaintiffs' Reply Memorandum* as originally filed on May 23, 1978.
2. Correspondence from plaintiffs' attorneys to the district court Clerk dated May 23, 1978, which forwarded seven (7) corrected pages to the *Plaintiffs' Reply Memorandum,* and
3. Correspondence from plaintiffs' attorneys dated August 28, 1978, forwarding to the district court Clerk an additional corrected page to *Plaintiffs' Reply Memorandum.* [FN1]

> FN1 The practice in the District of South Carolina is to stamp as "Filed" those original papers and exhibits filed in the district court which will normally compose the Record on Appeal. Papers such as memoranda will be marked "Received" and will not comprise a part of the Record on Appeal absent a request from the parties or an order from the court. Thus, the *Reply Memorandum* would not originally be a part of the Record on Appeal in this case.

Rule 10(e) of Federal Rules of Appellate Procedure provides as follows:
   (e) Correction or Modification of the Record. If

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1979 WL 52 (D.S.C.), 21 Empl. Prac. Dec. P 30,476, 28 Fed.R.Serv.2d 1330
**(Cite as: 1979 WL 52 (D.S.C.))**

any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

The rule exists as a mechanism for correcting a "defective" record so that it accurately and completely reflects what happened before the district court. 9 *Moore's Federal Practice* P 210.08[1], at 1638-39. However, the rule does not provide any basis for the actions sought here by plaintiffs' attorneys.

Initially, this court would note that Rule 10(e) empowers the district court to correct or modify the official record in only two situations: (1) When there is a dispute as to whether the record accurately discloses what occurred in the district court and (2) when matter or material to either party is omitted from the record by error or accident, or is misstated in the record. Plaintiffs' attorneys' present motion involves neither of these situations. This court can find absolutely no evidence of any "error or accident" involving the challenged documents, nor is there any "dispute" between the parties as to what in fact was presented as evidence to the court. In such a situation, the district court cannot act under Rule 10(e). *See,* Munich v. United States, 330 F.2d 774, 776 (9th Cir. 1964).

### [New Evidence]

More significantly, Rule 10(e) provides *no* basis for augmenting the record to include evidence which was *never* before the district court. Federal courts invariably have held that Rule 10(e) cannot be used in that manner. *See, e.g.* Borden, Inc. v. FTC, 495 F.2d 785, 788 (7th Cir. 1974); *Munich v. United States, supra,* at 776; Lee Shew v. Brownell, 219 F.2d 301, 302 (9th Cir. 1955); United States v. Maryland Cas. Co., 204 F.2d 912, 914 (5th Cir. 1953); Dempsey v. Guaranty Trust Co., 131 F.2d 103, 104-05 (7th Cir. 1942); Washington v. United States, 14 F.R.D. 221 (W.D.Ky. 1953). In this respect, it does not matter whether the question is presented to the district court or the court of appeals. *See, e.g., Borden, Inc. v. FTC, supra,* at 788; *Munich v. United States, supra,* at 776. *See also* 9 *Moore's Federal Practice* P 210.08[2], at 1652. In fact, the parties cannot even stipulate between themselves to include new matter in the record under Rule 10(e). *See* Panaview Door & Window Co. v. Reynolds Metals Co., 255 F.2d 920, 922 (9th Cir. 1958). *See also* 9 *Moore's Federal Practice* P 210.09.

**\*3** The reasons that the record cannot be altered under Rule 10(e) to include new evidence are obvious. First, the appellate record must be such that the court of appeals can assess the issues from the *same* standpoint as the district court did when it entered its order. Because the addition of new evidence after the entry of the district court's order would alter this situation, the courts have held that Rule 10(e) does not envision such action. *E.g., Dempsey v. Guaranty Trust Co., supra,* at 104-05.

Second, the addition of new evidence at the appellate stage would be unfair to both the opposing party and the district court in situations such as that here. In the case of *Washington v. United States, supra,* the court stated:

> To now admit new evidence is to grant the plaintiff an additional day in court with no opportunity for the defendant to meet the new evidence. This view seems not only to be substantiated on reasoning and principle, but in all instances which my research reveals it has been substantiated by the courts and text writers when the question has arisen.

*Id.* at 222. Such considerations dictate the denial of plaintiffs' motion to add new evidence to the record.

### [Relevant Evidence]

Defendant's motion is based on more solid ground. As presently included in the Record on Appeal, *Plaintiffs' Reply Memorandum* does not accurately reflect the official record before this court concerning plaintiffs' attorneys misrepresentations and failure to timely correct the same. [FN2] Such circumstance warrants the action requested here by defendant. *See,* Gunther v. E.I. Du Pont de Nemours & Co., 255 F.2d 710, 716 (4th Cir. 1958). The failure of the district court Clerk to transmit the *Plaintiffs' Reply Memorandum* and corrected pages as filed by plaintiffs' attorneys constitute the type of "error or accident" which Rule 10(e) is intended to remedy. Plaintiffs do not contend that these items were not a part of the district court's record when it rendered its decision, but rather take the position that defendant should be bound by the joint stipulation filed on April

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1979 WL 52 (D.S.C.), 21 Empl. Prac. Dec. P 30,476, 28 Fed.R.Serv.2d 1330
**(Cite as: 1979 WL 52 (D.S.C.))**

2, 1979. It is true that the joint stipulation does not mention the uncorrected pages of the reply memorandum, however, it does list the reply memorandum as one of those pleadings which should be included in the record on appeal. This court finds plaintiffs' position to be unduly technical and bordering on bad faith. These documents are clearly material to the issues on appeal, and the circuit court should not be precluded from reviewing them because of a misunderstanding on the part of counsel as to what pages were to be forwarded as part of the record. Clearly, the record on appeal should be supplemented "to include in the record all of the evidence on which the district court might have based its findings." Watson v. Button, 235 F.2d 235, 238 (9th Cir. 1956).

> FN2 On pages 7 and 8 of this court's order of December 28, 1978, this court referred to plaintiffs' attorneys' attempts to get this court to totally ignore one of defendant's memoranda which disclosed the misrepresentations. There it was noted that plaintiffs' motion to strike was "based on an unfounded extension of one of this court's local rules", and was a "frivolous, vexatious, and unreasonable attempt by plaintiffs' attorneys to prevent this court from considering what was apparently the correct factual data essential for a fair decision by this court on the class representation questions presented." The uncorrected pages of the *Reply Memorandum* were the subject matter of this frivolous *Motion to Strike* dated August 1, 1978. The need to accurately depict this sequence of events in the record on appeal is clear in light of this court's finding that the misrepresentations constituted vexatious and unreasonable conduct.

*[Conclusion]*

**\*4** In conclusion, defendant's request that the Record on Appeal be supplemented to include the items set forth in its motion is granted, and the Clerk is authorized to forward said documents to the Fourth Circuit Court of Appeals immediately. The materials which are the subject matter of plaintiffs' motion are irrelevant to the matters on appeal and have never been before this court. Accordingly, plaintiffs' motion is denied.

And it is so ordered.

Not Reported in F.Supp., 1979 WL 52 (D.S.C.), 21 Empl. Prac. Dec. P 30,476, 28 Fed.R.Serv.2d 1330

END OF DOCUMENT