Westlaw.

809 F.2d 786 Page 1
809 F.2d 786, 1987 WL 36174 (C.A.4 (Va.))
**(Cite as: 809 F.2d 786)**

C

809 F.2d 786, 1987 WL 36174 (C.A.4 (Va.))
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA4 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Fourth Circuit.
Appeal of Nancy RECKMEYER,
UNITED STATES of America, Appellee,
v.
Christopher RECKMEYER, Defendant.
**No. 86-5034.**

Argued Nov. 12, 1986.
Decided Jan. 5, 1987.

E.D.Va.

AFFIRMED.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR 85-00010-A).

Before PHILLIPS, ERVIN and WILKINSON, Circuit Judges.

Nicholas A. Lotito Fierer and Westby on brief for Appellant; Kent S. Robinson, Assistant United States attorney.
Henry E. Hudson, United States Attorney on brief, for appellee.

PER CURIAM:
**\*1** In January 1985, Christopher Reckmeyer was indicted for conducting a nation-wide marijuana distribution ring. Under the applicable forfeiture statute, any property purchased with profits from the drug ring is to be forfeited to the federal government. 21 U.S.C. § 853(a) (Supp.1986). Christopher Reckmeyer negotiated a plea bargain in which he forfeited numerous assets, including four pieces of real property and a promissory note arising from the sale of another piece of land. His wife, Nancy Reckmeyer, claimed that she had a nonforfeitable interest in these assets. Relying on § 853(n)(6)(A), which protects third parties who have a superior or vested interest in forfeited assets, she petitioned the district court to preserve her alleged interest in the four properties and the promissory note.

The district court denied Mrs. Reckmeyer's petition. It rejected her claim that a tenancy-in-common or tenancy-by-the-entirety under state law gave her a separate interest in the property that her husband could not forfeit in his plea bargain agreement. The district court properly concluded that Mrs. Reckmeyer never had any interest in the properties because, under the relation-back provision of the forfeiture statute, title to property purchased with drug proceeds vested in the United States at the time the property was purchased. 21 U.S.C. § 853(c) (Supp.1986). In the words of the district court, "title to this property never vested in Christopher Reckmeyer and could not be passed on to Nancy Reckmeyer. Nancy Reckmeyer thus has no rights to the forfeited property under Virginia law." Memorandum Opinion, p. 7.

On appeal, Mrs. Reckmeyer wishes to raise a new issue. She argues, for the first time, that the properties were not purchased with drug proceeds. We need not and do not resolve this issue. As both parties recognize, Mrs. Reckmeyer did not present any evidence to the district court on how the properties were purchased. The district court specifically noted that "Nancy Reckmeyer, in raising these state property claims, does not contest that any of the properties in question did not constitute proceeds of Christopher Reckmeyer's illegal drug activities." Memorandum Opinion, p. 6, n. 4. Having failed to raise this issue below, Mrs. Reckmeyer cannot raise it on appeal. An appeal is no place to recast and restructure litigation before the district court.

Mrs. Reckmeyer attempted to remedy this error by submitting a Rule 10(e) motion to supplement the record on remand. Rule 10(e), however, is used to clarify an existing record, not to expand the record to support a new argument made on appeal. U.S. v. Page, 661 F.2d 1080, 1082 (5th Cir.1981) ; Anthony v. U.S., 667 F.2d 870, 875 (10th Cir.1981). Rule 10(e) is intended "to allow the district court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." S & E Shipping Corp. v. C & O Railway Co., 678 F.2d 636, 641 (6th Cir.1982).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

809 F.2d 786    Page 2
809 F.2d 786, 1987 WL 36174 (C.A.4 (Va.))
**(Cite as: 809 F.2d 786)**

**\*2** A remand would reward Mrs. Reckmeyer for raising factual contentions for the first time before this court. The district court was receptive to an evidentiary hearing on this matter over a year ago; it is not, for obvious reasons, required to hold one now.

The judgment of the district court is

*AFFIRMED.*

C.A.4 (Va.),1987.
Appeal of Reckmeyer
809 F.2d 786, 1987 WL 36174 (C.A.4 (Va.))

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.