UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARLAND
Northern Division

| | |
|---|---|
| EARLE E. AUSHERMAN, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| v.                          ) | Civil Action No. MJG 01-438 |
| ) | |
| BANK OF AMERICA CORP., et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO SUPPLEMENT THE RECORD**

Defendants' Motion to Supplement should be denied for three reasons. First, the materials Defendants seek to add to the record were apparently not relied upon by the Court during the sanctions proceedings. None of the materials with which the Defendants seek to supplement the record (that are not already a part of the record, such as formal pleadings) were referenced by the Court in its Memorandum and Order of February 17, 2005.[1] It cannot, therefore, be said that these additional materials represent matter upon which the Court based its decision of February 17, 2005.

Second, the parties also do not rely upon any of the new materials in the pending appeal. As the Defendants note, the appeal of the Court's February 17th decision was fully briefed before Defendants filed the instant Motion. *See* Motion to Supplement the Record at 2 (unnumbered). The parties' appellate briefs do not cite any of the materials

---

[1] Undersigned notes that Defendants have apparently filed Magistrate Judge Grimm's home address in the public record (in paper form in the Clerk's Office) in Exhibit A to their Motion to Supplement. *See* paper attachments to Notice of Filing Lengthy Exhibits (Docket No. 266). Exhibit A contains within it documents showing Magistrate Judge Grimm's home address, yet there was no motion for leave to file this material under seal pursuant to Local Rules 104.13(c) and 105.11 accompanying the Notice of Filing Lengthy Exhibits.

1

Defendants now seek to add to the record. Had it been necessary for the parties to support their respective appellate arguments with these materials the issue would have necessarily arisen before the appellate briefing was completed.

The third reason why the Motion to Supplement should be denied applies solely to the letters sent by the parties' counsel to the Court. *See* Motion to Supplement the Record at 3 (unnumbered). The parties' respective arguments were fully briefed in formal pleadings and fully explained in a day-long evidentiary hearing on December 8, 2004 (the transcript from which is already a part of the record.). Where, as here, the proceedings and outcome are fully reflected in formal pleadings and orders, "the record should not be supplemented" under F.R.A.P. 10(e) to include correspondence with the court. *See Himler v. Comprehensive Care Corp.*, 790 F. Supp. 114, 115 (E.D. Va. 1992). There is, thus, no good cause shown to add to an already lengthy record by including correspondence.

For the foregoing reasons undersigned respectfully requests that Defendants' Motion to Supplement be denied.

Respectfully submitted,

Rodney R. Sweetland, III
1200 17th Street, N.W., Fifth Floor
Washington, D.C. 20036
(202) 467-6300
rsweetland@mindspring.com
Federal Bar No. 12707

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent via first class mail this 20th day of September, 2005, to:

Ava Lias-Booker
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202



Rodney R. Sweetland, III