IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EARLE E. AUSHERMAN, *et al.*, | * | |
| Plaintiffs-Appellants, | * | |
| v. | * | |
| BANK OF AMERICA CORPORATION, *et al.*, | * | Civil Action No. MJG 01-438 |
| | * | |
| Defendants-Appellees. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT
OF MOTION TO SUPPLEMENT THE RECORD**

Defendants-Appellees, Bank of America Corporation and Banc of America Auto Finance Corp., through their undersigned counsel, hereby submit their Reply Memorandum in Support of their Motion to Supplement the Record.

**I.   INTRODUCTION**

The Court expressly stated in the first paragraph of its Memorandum and Order granting Defendants-Appellees' motion for attorneys' fees (Paper No. 260) (the "Memorandum") that it considered "*the materials submitted by the parties*" during its deliberation of Defendants' motion. *See* Memorandum at 1 (emphasis added). The first paragraph of the Memorandum also noted that the Court reviewed the *exhibits* provided by the parties and used at the December 8, 2004, hearing on Defendants' motion (the "Hearing"). Plaintiffs-Appellants' counsel, Rodney R. Sweetland, III's suggestion that the Court "apparently" did not rely on the proposed supplements to the record during the attorneys' fee proceedings ignores the Court's express pronouncement set forth on the

first page of its Memorandum. The correspondence exchanged between counsel and the Court during the period of January 27, 2004, through December 8, 2004, and the Hearing exhibits were materials relied upon by the Court and the parties during the adjudication of Defendants' attorneys' fee petition yet they do not appear in the record on appeal. As such, the record should be supplemented to conform to what occurred in the District Court to assist the Court of Appeals during its deliberations.

## II.	DISCUSSION

Federal Rule of Appellate Procedure 10(e) vests authority in the District Court "to conform the record to what occurred . . . either by supplying what has been omitted or correcting what has been erroneously transcribed." *See United States v. Greenwell,* 418 F.2d 845, 846 (4th Cir. 1969). The Court's power to supplement the record exists before *or after* the record is transmitted to the Court of Appeals.[1] *Id.* (emphasis added).

In this case, the correspondence among counsel and the Court and the Hearing exhibits were relied upon by the Court and the parties during the attorneys' fee proceedings yet they do not exist in the record on appeal. The Court expressly stated that it considered the materials "submitted by the parties" during the course of the proceedings prior to issuing its Memorandum decision. The Court stated:

> The Court has before it Defendant's [*sic*] Motion for Attorneys' Fees [Paper 217] **and the materials submitted by the parties related thereto.** The Court has heard the evidence, **reviewed the exhibits**, **considered the materials submitted by the parties,** and had the benefit of the arguments of counsel.
>
> The Court now issues this Memorandum of Decision as its findings of fact and conclusions of law in compliance with Rule 52(a) of the Federal Rules of Civil Procedure.

---

[1] The Court of Appeals on its own initiative may also direct that any omission from the record be supplied. *See Greenwell*, 418 F.2d at 846.

2

Memorandum at 1 (emphasis added). It is thus clear from the Court's introduction to its Memorandum that it relied upon the materials provided by counsel during the attorneys' fee proceedings.

The proposed supplements to the record also demonstrate the time and extensive efforts undertaken by the Court and counsel to brief and argue the attorneys' fee dispute. Through informal correspondence, counsel briefed the Court with both factual and legal arguments that did not appear in formal briefing. Because "materials submitted by the parties" obviously includes correspondence submitted to the Court by counsel and the exhibits used by the parties at the Hearing, the record should be supplemented to reflect all of the "materials submitted by the parties." *See id.*; *see also* Memorandum at 1.

To the extent that the proposed supplements are not included in the record, the record in its current form does not accurately reflect what transpired before the Court. As such, the record must be clarified for the benefit of the Court of Appeals during its appellate deliberations.

### III.  CONCLUSION

For the reasons set forth above and in their Motion to Supplement the Record, Defendants-Appellees respectfully request that this Honorable Court order that the record be supplemented to include the exhibits from the Hearing held on December 8, 2004, and the items of correspondence exchanged between counsel and the Court from January 27, 2004, through December 8, 2004, and further to order that the Clerk of Court certify and forward those additional parts of the record to the United States Court of Appeals for the Fourth Circuit upon request.

Respectfully submitted,


/s/
_____
AVA E. LIAS-BOOKER (Bar No. 05022)
TODD GUSTIN (Bar No. 27560)
MCGUIREWOODS LLP
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202
(410) 659-4430
(410) 659-4558 (Fax)

*Attorneys for Defendants-Appellees*
  *Bank of America Corporation and*
  *Banc of America Auto Finance Corp.*

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of October, 2005, I directed that the foregoing paper, Reply Memorandum in Support of Their Motion to Supplement the Record, be electronically filed and served via first-class mail, postage prepaid, to: Pamela A. Bresnahan, Esquire, Vorys, Sater, Seymour, and Pease LLP, 1828 L Street, NW, Suite 1111, Washington, DC 20036, Peter F. Axelrad, Esquire, Council, Baradel, Kosmerl, and Nolan PA, 125 West St, Fourth Floor, Annapolis, Maryland, 21404-2289, and Rodney R. Sweetland, III, Esquire, Adduci, Mastriani, and Schaumberg LLP, 1200 Seventeenth Street, NW, Fifth Floor, Washington, DC 20036.

/s/
_____
TODD GUSTIN

\\COM\542436.1