Case 1:01-cv-00438-MJG   Document 273   Filed 05/22/2007   Page 1 of 20

JUDGMENT

FILED: May 22, 2007

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

No. 05-1380
CA-01-438-MJG

MAY 2 2 2007

RODNEY RAY SWEETLAND, III

    Appellant

    and

EARLE E. AUSHERMAN; STEPHANIE BALL; RHODA BROWN; WILLIAM CLOSE; RICARDO COLON; FRANK COLLINS; KIRK DECOSMO; JOHN ELDER; ANNA HAMILTON; PAUL SIMONS; ARLEN SLOBODOW; DEBORAH STEELMAN; GUY THOMAS; LUDMILLA WERBOS; PAUL WERBOS; RONNIE C. HOGUE; SHAUNA HUNTER; LESLIE JONES; NEIL KRAMER; RICHARD L. LAMMONDS; KENT LINDUFF; CHARLES PARK; BENJAMIN SALAZAR; SHERWOOD SCHWARZ

    Plaintiffs

v.

BANK OF AMERICA CORPORATION, a/k/a Banc of America, d/b/a Bank of America Auto

    Defendant - Appellee

---

Appeal from the United States District Court for the
District of Maryland at Baltimore

---

In accordance with the written opinion of this Court filed this day, the Court affirms in part and reverses in part the judgment of the District Court. This case is remanded to the District Court for further proceedings consistent with the Court's opinion.

A certified copy of this judgment will be provided to the

District Court upon issuance of the mandate.  The judgment will take effect upon issuance of the mandate.

                                    /s/ Patricia S. Connor
                                    ───────────────────────
                                              CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1380

RODNEY RAY SWEETLAND, III,

                                                      Appellant,

     and

EARLE E. AUSHERMAN; STEPHANIE BALL; RHODA BROWN; WILLIAM CLOSE; RICARDO COLON; FRANK COLLINS; KIRK DECOSMO; JOHN ELDER; ANNA HAMILTON; PAUL SIMONS; ARLEN SLOBODOW; DEBORAH STEELMAN; GUY THOMAS; LUDMILLA WERBOS; PAUL WERBOS; RONNIE C. HOGUE; SHAUNA HUNTER; LESLIE JONES; NEIL KRAMER; RICHARD L. LAMMONDS; KENT LINDUFF; CHARLES PARK; BENJAMIN SALAZAR; SHERWOOD SCHWARZ,

                                                      Plaintiffs,

     versus

BANK OF AMERICA CORPORATION, a/k/a Banc of America, d/b/a Bank of America Auto,

                                               Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (CA-01-438-MJG)

Argued: January 30, 2007                 Decided: May 22, 2007

Before MOTZ, TRAXLER, and KING, Circuit Judges.

---

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

---

**ARGUED:** Rodney R. Sweetland, III, Washington, D.C., for Appellant. Ava Elaine Lias-Booker, MCGUIREWOODS, L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:** Todd Gustin, MCGUIREWOODS, L.L.P., Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Rodney R. Sweetland appeals the district court's award of attorneys' fees against him pursuant to 28 U.S.C.A. § 1927 (West 2006), in connection with an action he filed as counsel for the plaintiffs against Bank of America Corporation, Bank of America Auto Finance Corporation ("BAAF"), John Doe I, and John Doe II, alleging violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C.A. § 1681 et. seq. (West 1998 & Supp. 2006), and analogous state law. We affirm in part, reverse in part, and remand.

I.

Many of the underlying facts in this case are set forth in our previous opinion in Ausherman v. Bank of America Corp., 352 F.3d 896 (4th Cir. 2003). For purposes of this appeal, an abbreviated version will suffice.

In February 2001, Sweetland brought an action on behalf of plaintiff Ausherman and others against Bank of America and BAAF,[1] alleging that they willfully or negligently violated the FCRA and, in particular, the provision that "[a] person shall not use or obtain a consumer report for any purpose" not authorized under the Act. 15 U.S.C.A. § 1681b(f). Sweetland initiated the action on behalf of the plaintiffs after learning that a subscriber code

---

[1] Unless otherwise indicated, we hereafter refer to the Bank of America defendants collectively as "BAAF".

3

assigned by Trans Union Corporation (a consumer credit reporting agency) to Oxford Resources Corporation (a company that had recently merged with and been integrated into BAAF) had been used to improperly obtain the plaintiffs' credit reports. The action against Bank of America and BAAF was premised upon the allegation that John Doe I, an unidentified employee of BAAF, had used the code to obtain the plaintiffs' credit reports without an authorized purpose and provided them to John Doe II, an unidentified co-conspirator of John Doe I.

In response to the lawsuit, BAAF conducted tests and examinations which purportedly demonstrated that the subscriber code had never been used on the integrated BAAF systems or computers, indicating that the origin of the improper use was not a BAAF employee. For their part, the plaintiffs likewise failed to uncover any admissible evidence to support their allegation that the code was used by a BAAF employee to obtain the plaintiffs' credit reports, or any other information which would explain who obtained the reports or how they were obtained. In sum, Sweetland was unsuccessful in his efforts to identify the John Doe defendants or to tie those defendants to BAAF. There being no "'evidence whatsoever of knowing, intentional, or willful' FCRA violations by either BAAF or any of its employees," the district court granted summary judgment to BAAF, and we affirmed. <u>Ausherman</u>, 352 F.3d at 900.

4

Shortly thereafter, BAAF pursued a motion for sanctions against plaintiffs and Sweetland, including a motion for attorneys' fees under 28 U.S.C.A. § 1927 in the total amount of $85,708.[2] Specifically, BAAF sought reimbursement for (1) $71,877.00 in attorneys' fees incurred in responding to plaintiffs' motion for partial summary judgment and plaintiffs' opposition to BAAF's motion for summary judgment; and (2) $13,831 in attorneys' fees incurred in responding to plaintiffs' motion to recuse the magistrate judge assigned to oversee discovery matters in the case.

The district court granted the motion for attorneys' fees with regard to both filings. However, applying the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), and employing a line-by-line analysis of the bill, the district court reduced the $85,708 by $16,772, for a total of $68,936. The court then addressed Sweetland's ability to pay the sanction, and further reduced the award to $50,000, plus judgment interest. Finally, the district court afforded Sweetland the opportunity to satisfy the judgment in full by making payments of $500 per month for 60 months, beginning in March 2005, for a total of $30,000. As a result, the district court noted that granting sanctions on the motion to recuse had "no practical effect" because

---

[2] BAAF also requested attorney's fees under the FCRA, see 15 U.S.C.A. §§ 1681n(c), 1681o(b) (West 1998), and the court's inherent authority, which were denied by the district court. BAAF has filed no cross-appeal from this denial.

the total award of $50,000 would be the same even if there had been no separate award for the recusal matter. J.A. 444.³

II.

As we have previously noted, "[a] lawyer must always remember that he is an officer of the court," and, while "[h]e may zealously represent his client," he must do so "only within the bounds of 28 U.S.C. § 1927." Blair v. Shenandoah Women's Ctr., Inc., 757 F.2d 1435, 1438 (4th Cir. 1985). Section 1927 of Title 28 provides that:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.A. § 1927 (emphasis added). The statute "imposes a continuing obligation in the conduct of litigation." Brubaker v. City of Richmond, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991). Attorneys must not multiply proceedings through unreasonable and vexatious conduct and, as we have noted, "a finding of counsel's bad faith [is] a precondition to the imposition of fees" under the

---

³At oral argument, Sweetland represented to this court that he began making the $500 per month payments to satisfy the judgment and agreed that there would be no monetary effect and no further proceedings necessary if we affirm the sanction as it pertains to the summary judgment proceedings, but reverse the sanction as it pertains to the recusal motion.

6

provision.  Id. at 1383 n.25.  A district court's grant of sanctions under the provisions of § 1927 is reviewed for an abuse of discretion.  See Chaudhry v. Gallerizzo, 174 F.3d 394, 410 (4th Cir. 1999).

A.

We begin with Sweetland's challenge to the district court's award of attorneys' fees associated with the summary judgment proceedings which took place below.  In doing so, we review in more detail the events leading up to Sweetland's initiation of this portion of the proceedings.

1.

The Amended Complaint in this action was filed in August 2001, and the matter was referred to a magistrate judge for discovery. Count I of the Amended Complaint alleges that John Doe I, acting as an agent or employee of BAAF and "in the course and scope of his employment knowingly wilfully and intentionally obtained plaintiffs' consumer reports under false pretenses" and "provided the aforementioned consumer reports to" John Doe II, in violation of the FCRA.  J.A. 46.  Sweetland did not know the identity of John Doe I or John Doe II when he filed the Amended Complaint, and BAAF's internal investigation failed to uncover any BAAF employee who used the code.

The parties thereafter embarked upon a period of contentious discovery, during which Sweetland persistently refused to provide

7

information to substantiate his claims.  Unsuccessful in obtaining any factual basis for the allegations through more customary discovery avenues, BAAF filed a motion to compel Sweetland's deposition on April 11, 2002, which was initially denied pending revisions to the discovery schedule.  In the meantime, Sweetland advised defense counsel in a settlement memorandum dated April 24, 2002, that a third individual, whom he referred to as John Doe III, was the "kingpin of the network," and that Sweetland had taken steps to ascertain his identity after Sweetland's deposition had been taken.  J.A. 427.  Sweetland also advised defense counsel that, "once he provided them with the identity of [John Doe III], 'it will be relatively easy to unravel the situation.'"  J.A. 428.

On May 17, 2002, in the midst of the contentious discovery over Sweetland's failure to identify any of the three John Does or substantiate any relationship they might have with BAAF, Sweetland took the extraordinary step of filing a motion for partial summary judgment as to Count I of the Amended Complaint.  As later determined by the district court, Sweetland had no factual basis for pursuing Count I at that point and filed the motion even though he had still not ascertained the identity of any of the John Does or connected them to BAAF.

In response, BAAF renewed its motion to depose Sweetland, which was granted by the magistrate judge.  The time for responding to the summary judgment motion was also stayed.  By this time,

8

Sweetland had persistently refused to provide discovery to which BAAF was entitled, despite having been ordered to do so by the court. As summarized by the district court:

> Plaintiffs refused to disclose to [BAAF] factual information supporting their claims and eventually were sanctioned $3000 for their failure to provide signed and sworn answers to interrogatories. Sweetland himself failed to answer completely and non-evasively ten interrogatories propounded upon him by [BAAF] as ordered by the Court, which resulted in Judge Grimm ordering that Sweetland be deposed.

J.A. 427 (internal citation omitted).

Several days after the deposition of Sweetland was ordered, Sweetland filed a motion for leave to file an amended complaint which added class action allegations and removed the John Doe allegations. Sweetland did not, however, withdraw the motion for partial summary judgment as to Count I, which was based on the John Doe allegations.

On June 11, 2002, Sweetland's deposition was taken. During the deposition, Sweetland admitted that he did not know the identity of John Doe I or II, had lied about his ability to identify John Doe III, and had made no confidential arrangements for ascertaining his identity as he had represented to defense counsel. According to Sweetland, this "'language [was] put there for the purposes of settlement bluster.'" J.A. 428; he "'wanted to make the representation, for the purposes of maximizing my clients' settlement position'" during the negotiations. J.A. 428. As a result, the magistrate judge imposed monetary sanctions upon

9

Sweetland in the amount of $8,649.25, for the costs incurred in connection with the motions to compel Sweetland's deposition and the taking of the deposition.

Because Sweetland had still not withdrawn the motion for partial summary judgment as to Count I, BAAF thereafter filed a response to Sweetland's motion, along with a cross motion for summary judgment as to Count I as well as the nine additional counts set forth in the Amended Complaint. The district court denied plaintiffs' motion and granted BAAF's motion. We affirmed.

2.

Sweetland now contests the district court's subsequent award of attorneys' fees incurred by BAAF in connection with the motions for summary judgment as a sanction under § 1927. Sweetland contends that the district court abused its discretion in awarding this sanction because his initiation of summary judgment proceedings and his response to BAAF's motion should not be viewed as an unreasonable and vexatious multiplication of the proceedings within the meaning of the statute. We disagree.

As noted by the district court, BAAF could not be held liable under Count I for the actions of John Doe I unless plaintiffs produced evidence that John Doe I was a BAAF employee acting within the scope of his employment. However, "[a]t no time in the proceedings did Sweetland have any factual basis for pursuing Count

10

I of the Amended Complaint against BAAF, the count for which Plaintiffs filed for summary judgment." J.A. 440.

Although it will be the unusual case in which the filing of a motion for summary judgment alone would constitute an unreasonable and vexatious multiplication of proceedings warranting a finding of bad faith, we cannot say that the district court abused its discretion here. It is apparent that throughout this litigation, Sweetland pursued plaintiffs' claims well after he knew that evidentiary support for the allegations would not be forthcoming. But more importantly, Sweetland did not simply maintain the proceedings in the hope of uncovering some connection between the alleged John Does and BAAF. On the contrary, Sweetland took affirmative steps to stall the discovery process through evasive and nonresponsive answers to the point that the magistrate judge imposed monetary sanctions and ordered counsel to personally submit to a deposition so that defendants could obtain the answers to which they were entitled. He then filed a motion for summary judgment as to Count I, necessarily representing "that there [was] no genuine issue as to any material fact" as to those allegations, and "that [plaintiffs were] entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). He did so, however, before the close of discovery and without any evidence of the identities of the alleged wrongdoers or their relationship to BAAF for purposes of vicarious liability. In sum, Sweetland took the affirmative step

11

of filing a baseless summary judgment motion on a count he knew he could not substantiate in the middle of the discovery process, while at the same time seeking to "bolster" his case through intentional misrepresentations for the purpose of obtaining a settlement from the defendants.

During this same time, Sweetland sought leave to file an amended complaint to add class action allegations against the defendants, which omitted the unsubstantiated John Doe allegations. Yet, despite this apparent recognition of his lack of substantiating evidence to support his initial allegations, Sweetland did not <u>withdraw</u> the premature and baseless motion for summary judgment that he had filed on the very count that rested upon them. As noted by the district court "[t]hese actions needlessly multiplied the [summary judgment] proceedings at a time when Sweetland should have been withdrawing counts from the complaint based on the unrefuted and contradictory factual record." J.A. 441-42. And, while we do not mean to suggest that Sweetland would have been required at that point to formally <u>withdraw</u> allegations that he knew he could no longer support had he not filed a motion for summary judgment which rested upon them, we cannot say that the district court abused its discretion in finding that Sweetland's acts of filing and pursuing the motion for partial summary judgment "multiplied the proceedings with conduct that can be characterized as unreasonable and vexatious and that increased

12

the cost of the proceedings." J.A. 442. Accordingly, we affirm the sanctions order insofar as it awards attorneys' fees associated with BAAF's opposition to plaintiffs' motion for summary judgment as to Count I and response to plaintiffs' opposition to BAAF's cross motion for summary judgment as to Count I.

### B.

We reach a different conclusion with regard to the district court's finding that Sweetland was appropriately sanctioned under § 1927 for filing the motion to recuse the magistrate judge.

After Sweetland's deposition was taken and the magistrate judge imposed sanctions upon him for the costs associated with the taking of the deposition, Sweetland discovered that Bank of America held the mortgage on the magistrate judge's principal residence and he filed the motion to recuse the magistrate judge on this basis. See 28 U.S.C.A. § 455(a) (West 2006) (requiring recusal when a judge's "impartiality might reasonably be questioned").

The magistrate judge denied the motion, holding that "[a] routine debt like a mortgage, fully secured by real property of an appraised value in excess of the debt, cannot be affected by the outcome of litigation involving the bank that is a mortgagee." See Ausherman v. Bank of Am. Corp., 216 F. Supp. 2d 530, 533 (D. Md. 2002) (footnote omitted); id at 532 (noting that "[a] judge who is indebted to a bank in a routine loan transaction is not thereby disqualified from cases in which a bank is a party") (quoting II

13

Guide to Judiciary Policies and Procedures, Compendium V-I, V-26 & V-27) (2001) (emphasis removed)).  The district court agreed, and we affirmed.  Ausherman, 352 F.3d at 899 n.2.

Later, when the district court awarded sanctions against Sweetland for filing the motion to recuse in the first place, the district court acknowledged that there was no circuit precedent addressing the issue of whether a judge's impartiality could be questioned where one of the litigants holds the mortgage on his principal residence when the motion was filed.  However, he attributed the absence of precedent to the baseless nature of the claim.  According to the district court, "[t]he mortgage issue raised by Sweetland was so obviously meritless that no other attorney has seen fit to raise the issue in any court.  The fact that no one else had ever presented the baseless issue to any court does not excuse Sweetland's action."  J.A. 443.  On appeal, Sweetland asserts that sanctions were not warranted for filing the motion to recuse because it was a question of first impression and was not so "obviously meritless" at the time as to warrant a finding that it ran afoul of his obligation not to multiply proceedings with unreasonable and vexatious filings.  We agree.

We can envision situations in which motions are filed which are so baseless in fact and law as to be sanctionable under § 1927 as having been filed in bad faith, even though they are purportedly grounded in novel theories of law.  However, Sweetland's recusal

14

motion does not fall into this category. As recognized by the district court (albeit in the context of evaluating the propriety of the <u>amount</u> of legal fees warranted as a sanction), "the recusal motion was based on a completely novel legal theory that had never been addressed by any court" and, therefore, "require[d] more research than called for by a question that has already been addressed." J.A. 449. Thus, it seems that BAAF did not view the motion as so baseless that it need not treat it in a serious manner. And, although we ultimately held that the motion to recuse was without merit, <u>see</u> <u>Ausherman</u>, 352 F.3d at 899 n.2, we do not view the basis for the motion to be so lacking in potential merit at the time it was filed as to rise to the level of having been filed in bad faith.

In conclusion, we are sympathetic to the understandable frustrations of the court in the wake of the sanctionable conduct and meritless filings which preceded the motion to recuse. However, we do not view the record as supporting a determination that Sweetland operated outside the bounds of zealous representation of his clients when he filed this particular motion or that the motion was so beyond the pale as to be deemed filed in bad faith for an unreasonable and vexatious purpose. Accordingly, we hold that the district court abused its discretion in awarding sanctions under § 1927 for the filing of that motion and reverse the sanctions order as it relates to the motion to recuse.

C.

Having determined that the district court did not abuse its discretion in awarding sanctions under § 1927 for attorneys' fees incurred in connection with the summary judgment proceedings pertaining to Count I, but did abuse its discretion in awarding sanctions under § 1927 for the recusal proceedings, we turn now to the amount of the sanction imposed by the district court.

As explained above, the district court employed a line-by-line analysis of BAAF's bill, initially reducing the amount of the attorneys' fees of $85,708 by $16,772. Of the $85,708, $71,877 was represented to be for attorneys' fees incurred in connection with the summary judgment proceedings and $13,831 was represented to be associated with BAAF's responding to plaintiffs' motion to recuse the magistrate judge. The reduction involved approximately $13,820 for the summary judgment entries and $2,952 for the recusal entries, for a total sanction of $68,936.

Under the present order, the district court reduced the $68,936 sanction to $50,000 (plus judgment interest) based upon Sweetland's ability to pay at the time, and further to $30,000 <u>without</u> judgment interest contingent upon Sweetland's making regular monthly payments, reductions which BAAF did not challenge in the current appeal. As noted by the district court, in light of these reductions, the portion of the sanction attributable to Sweetland's pursuit of the magistrate judge's recusal had no

16

practical effect upon the final amount of the sanction because the sanction already represented a more than $35,000 reduction in the amount of the fees sought. Our reversal of that portion of the sanction would similarly have had no practical effect upon the amount of the total sanction.

On appeal, however, confusion arose as to whether the $71,877 in fees initially sought by BAAF for the summary judgment portion of the request included entries for summary judgment proceedings pertaining to counts separable from Count I and, more importantly, whether and to what extent the district court's initial sanction award of $68,936 included amounts associated with time that BAAF spent on tasks related to its filing for summary judgment as to the other nine counts. As a result, Sweetland has requested, as alternative relief on appeal, that we vacate the amount of the district court's award and remand for reconsideration and recalculation of the award in light of our decision.

Because the district court is in a better position to scrutinize the bills submitted and excise the attorneys' fees, if any, attributable solely to the other counts, we vacate the amount of the present sanction and remand the matter to the district court for rehearing, reconsideration and, if appropriate, recalculation of the amount of the sanction in light of our decision and the current posture of this case. Although the amount of the sanction rests in the district court's proper exercise of its discretion on

17

remand, including the amount of any reductions now appropriate, Sweetland will be entitled to a credit for any payments he made towards the vacated award.

### III.

For the foregoing reasons, we affirm the district court's finding that Sweetland is liable under § 1927 for fees associated with BAAF's opposition to plaintiffs' motion for summary judgment as to Count I and response to plaintiffs' opposition to BAAF's cross motion for summary judgment as to Count I, but reverse the district court's finding that Sweetland is liable under § 1927 for fees associated with his filing the motion to recuse the magistrate judge. However, we vacate the amount of the fees awarded for the summary judgment proceedings and remand for rehearing, reconsideration and, if appropriate, recalculation of the amount of the sanction in accordance with this opinion.

<u>AFFIRMED IN PART,</u>
<u>REVERSED IN PART,</u>
<u>AND REMANDED</u>