UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| EARLE E. AUSHERMAN, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. MJG-01-438 |
| | ) | |
| BANK OF AMERICA CORP., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION AND MEMORANDUM FOR RECALCULATION OF ATTORNEYS' FEES ON REMAND

### I.      INTRODUCTION

This is a remand for "rehearing, reconsideration and, if appropriate, recalculation"

of an award of attorneys' fees in accordance with specific guidance from the Fourth

Circuit. *See* May 22, 2007, Fourth Circuit slip opinion at 17, 2007 WL 1482018 *7 (4th

Cir.).

### II.      BACKGROUND

In a Memorandum and Order of February 17, 2005, the Court imposed sanctions

against the undersigned in the form of attorneys' fees of $50,000 under 28 U.S.C. § 1927.

*See* Docket No. 260 at 31.  This was based upon a determination that pursuit of summary

judgment and recusal proceedings were sufficiently without merit as to raise an inference

of bad faith. *Id.* at 20-24.  The undersigned seasonably appealed the February 17, 2005,

Memorandum and Order.

In a decision of May 22, 2007, the Court of Appeals affirmed in part, reversed in

part and remanded the Court's February 17, 2005, Memorandum and Order. *See* March

1

22, 2007, slip opinion at 18, 2007 WL 1482018 *7 (4th Cir.). The Fourth Circuit

affirmed the Court's finding of liability for fees associated with Plaintiffs' opposition to

the Motion for Partial Summary Judgment as to Count I and Defendants' response to

Plaintiffs' opposition to Defendants' cross motion for summary judgment as to Count I.[1]

*Id.* The Fourth Circuit reversed the Court's finding of liability for fees associated with

the filing of the recusal motion. *Id.*

The Court of Appeals remanded, however, for reevaluation of the amount of

attorneys' fees awarded by the Court. The genesis of the remand was the aggregation of

fees by counsel for Bank of America in connection with all counts in the summary

judgment motions practice. *Id.* at 17, 2007 WL 1482018 *7 ("On appeal, however,

confusion arose as to whether the $71,877 in fees initially sought by BAAF for the

summary judgment motion proceedings pertaining to counts separable from Count I and,

more importantly, whether and to what extent the district court's initial sanction award of

$68,936 included amounts associated with time that BAAF spent on tasks related to its

filing for summary judgment as to the other nine counts.").

## III.   LEGAL STANDARD

The mandate rule forecloses relitigation on issues expressly or impliedly decided

by the appellate court. *South Atlantic Limited Partnership of Tennessee, LP v. Riese*, 356

F.3d 576, 583 (4th Cir. 2004) (modification of judgment reversed as impermissible

alteration, rather than clarification). Once a case has been decided on appeal and a

mandate issues, the lower court may not vary it or examine it for any other purpose than

execution, give any other or further relief, review it (even for apparent error) or

---

[1]   Plaintiffs' Motion for Partial Summary Judgment is Docket No. 91. Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment is Docket No. 178. Defendants' Cross Motion is Docket No. 177. Defendants' response to Plaintiffs' Opposition to Defendants' Cross Motion is Docket No. 204.

intermeddle with it, further than to settle what has been remanded. *Stamper v. Baskerville*, 724 F.2d 1106, 1107 (4th Cir. 1984).

## IV.    ARGUMENT

### A.    The Fee Demand Fails To Identify Distinct Claims

The documentation of the fees Bank of America claimed in connection with its Memorandum in Support of its Motion for Attorneys' Fees were two unsworn spreadsheets. *See* Docket No. 227, Exhibits 1 and 2. Exhibit 1 dealt with the fees claimed to be associated with the summary judgment proceedings and Exhibit 2 dealt with fees claimed for the recusal proceedings. Exhibit 1 fails to meet the well-settled legal standards for specificity in attorneys' fees requests because it fails to identify the claim or claims at issue to which the work is attributable.[2]

An applicant for attorneys' fees "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckhart*, 461 U.S. 424, 437 (1983). "Where different claims were litigated, the records should identify the claims to which the particular services relate." Manual for Complex Litigation, Fourth, § 14.223 (2004) citing *Hensley v. Eckhart*, 461 U.S. at 437 n.12. The descriptions in Exhibit 1 to Docket No. 227 fail to identify, either specifically or generally, one or more of the nine claims at issue in the Second Amended Complaint (Docket No. 21) to which the work is attributable.

The burden is on the fee applicant to show which hours are recoverable. *Fair Housing Council of Greater Washington v. Landow*, 999 F.2d 92, 97-98 (4th Cir. 1999). *See also Costar Group, Inc. v. Loopnet, Inc.*, 106 F. Supp.2d 780, 788 (D. Md. 2000) ("A

---

[2] Exhibit 2 shares all of the shortcomings of Exhibit 1 in terms of specificity, but is no longer at issue in the case.

fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks."); *Donahoe v. Bowen*, 674 F. Supp. 516, 517 (D. Md. 1987) (it is counsel's burden, not that of the Court, to prove and establish attorneys' fees).  This burden cannot be met by inadequate descriptions in block bills.

"Block billing" refers to the disfavored practice of multiple tasks contained in each time entry. *Bublitz v. E.I. duPont de Nemours and Co.*, 224 F. Supp.2d 1234, 1251 n. 9 (S.D. Iowa 2002).  "[L]umping multiple tasks into a single entry of time" is highly discouraged. *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1214 (10th Cir. 2000).  "While block-billing time might not, standing alone, create problems, when combined with the vague task descriptions, the net result is that the court is required to derive a time based upon an unknown percentage of an unknown percentage." *Miller v. U.S. Foodservice, Inc.*, 2006 WL 2547212 *1 (D. Md.).

Exhibit 1's failure to meet the documentation burden leaves the Court with two alternatives, separately or in combination, to satisfy the Fourth Circuit's mandate: analyze the fee request on a percentage basis or make line-by-line inferences from the entries as to which of the Count or Counts in the Second Amended Complaint the claimed time was actually directed.

**B.     Percentage Analysis Of Attorneys' Fee Award**

Rather than engaging in a line-by-line argument over which entries reflect work related to Count I, a proportional, percentage-based reduction in the $50,000 final fee award based upon the figures initially sought by Defendants is appropriate.  Where, as

here, a fee claimant has failed to adequately document its request, a percentage-based analysis by a court is proper. *See, e.g., In re Espy* (Townsend Fee Application), 346 F.3d 199, 204 (D.C. Cir. 2003) (collecting cases); *Jane L. v. Baumgerter*, 61 F.3d 1505, 1510 (10th Cir. 1995); *Synthon IP, Inc. v. Pfizer Inc.*, -- F. Supp.2d ---, 2007 WL 1229187 * 2-3 (E.D. Va.).

Defendants initially sought $71,877.00 in fees associated with the summary judgment motions and $13,831.00 in fees associated with the recusal motion.  *See* February 17, 2005, Memorandum and Order (Docket No. 260) at 27.  The fees awarded for the recusal motion practice, thus, constituted 16% of the fees sought by Bank of America.[3]  As the imposition of fees for the recusal motion was reversed by the Fourth Circuit, the final fee award of $50,000, therefore, should be reduced by 16%, to $42,000. This, then, represents the starting amount of the judgment attributable to the summary judgment motions practice.

The Court only explicitly found pursuit of one of the nine counts to be without merit. *See* February 17, 2005, Memorandum and Order (Docket No. 260) at 20 ("At no time in the proceedings did Sweetland have any factual basis for pursuing Count I of the Amended Complaint against [Defendant Banc of America Auto Finance Corporation], the count for which plaintiffs filed for summary judgment." Other than this noting of the absence of merit as to Count I, the Court made no specific finding that any of the other Counts in the Amended Complaint lacked a factual or legal basis, or were otherwise unreasonable.  The Court did, however, impose attorneys' fees against the undersigned based upon the effect of the other eight counts in the Amended Complaint.  *Id.* at 22 ("As a result, Defendants were required to prepare a Cross Motion for Summary Judgment that

---

[3] $13,831/$85,708 · 100 = 16.1443.

addressed each of the nine remaining counts at the close of discovery and to research and reply to the arguments forwarded by Plaintiffs in their opposition to Defendants' Cross Motion.").

In its remand decision, the Fourth Circuit instructed the Court to "excise the attorneys' fees, if any, attributable solely to the other counts...." *See* Slip Opinion at 17, 2007 WL 1482018 *7 (4th Cir.). The $42,000 attributable to the summary judgment motions practice, accordingly, should be reduced by a percentage reflecting those tasks devoted to pursuit of 8 of the 9 (89%)[4] of the remaining Counts in the Amended Complaint that were not found to be without merit. An 89% reduction of the $42,000 attributable to the summary judgment motions (to $4,620), therefore, is warranted. "While *Hensley* rejected a rigid 'mathematical approach comparing the total number of issues in the case with those actually prevailed upon,' 461 U.S. at 435 n. 11, it did not render such evidence irrelevant or improper when determining reasonable attorneys' fees." *Oliphant v. Charlotte Memorial Hospital and Medical Center*, 925 F.2d 1457 *4 (4th Cir. 1991) (Table).

## C.    Line-By-Line Modification Of Award

"[T]he court is entitled to expect that the applicant's records will provide some guidance in identifying recoverable hours." *Buffington v. Baltimore County*, 913 F.2d 113, 127-28 (4th Cir. 1990) citing *Hensley*, 461 U.S. at 437. Unfortunately, Exhibit 1 to Bank of America's Memorandum in Support of its Motion for Attorneys' Fees (Docket No. 227) provides virtually no guidance.

A line-by-line review of Exhibit 1 demonstrates that only a small fraction of the $71,877.00 in fees claimed by Bank of America for the summary judgment proceedings

---

[4] $8/9 \cdot 100 = 8.8888$.

are identifiable as related to Count I of the Amended Complaint. Of the approximately

132 entries on Exhibit 1, only four appear to specifically reference work performed in

opposition to the Motion for Partial Summary Judgment on Count I.[5] These entries were,

necessarily, attributable to Count I because that was the only claim raised in Plaintiffs'

Motion for Partial Summary Judgment.  The remaining entries are completely

undifferentiated by Count, appearing to be devoted to Defendants' own Motion for

Summary Judgment on all Counts.

    The entries associated with Defendants' response to Plaintiffs' Opposition to

Defendants' Cross Motion commence with the first 10/9/2002 entry for DER on page 5

of Exhibit 1 to Docket No. 227, continuing to the end of Exhibit 1.  It is simply

impossible from a review of these entries, because of the sparse nature of the

descriptions, to determine which entries or components of entries relate to that portion of

Bank of America's response to Plaintiffs' Opposition to Bank of America's Cross Motion

(Docket No. 204) dealing with Count I.  The percentage approach set forth above, thus,

would appear to be the only means for attributing these entries to any of the Counts at

issue.[6]

## VI.    CONCLUSION

    For the reasons stated above, and in the May 22, 2002, decision by the Fourth

Circuit, undersigned respectfully requests that this Honorable Court reduce the amount

awarded in its February 17, 2005, Memorandum and Order for the summary judgment

---

[5] *See* Exhibit 1 of Docket No. 227 at p.1: 5/20/2002 entry for ALB, 5/20/2002 entry for GMT, 5/20/2002 entry for JBS and 5/21/2002 entry for ALB.  The combined dollar figure for these entries is $1006.50.

[6] The combined dollar figure for the undifferentiated entries on Exhibit 1 dealing with all Counts of the response to the Opposition to the Cross Motion (Docket No. 204) is $16,902.

proceedings from the $42,000 attributable to all nine counts of the Amended Complaint

to the $4,620 attributable to Count I.

Respectfully submitted,

_____
Rodney R. Sweetland, III
Bar No. 12707
1200 17th Street, N.W., Fifth Floor
Washington, D.C. 20036
(202) 467-6300
(202) 466-2006 (facsimile)
rsweetland@mindspring.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent via first class and
electronic mail this 13th day of June, 2007, to:

Ava Lias-Booker
McGuire Woods
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202

_____
Rodney R. Sweetland, III