IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| EARLE E. AUSHERMAN, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. MJG-01-438 |
| BANK OF AMERICA CORP., et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS BANK OF AMERICA CORP.
AND BANC OF AMERICA AUTO FINANCE CORP.'S
OPPOSITION TO PLAINTIFFS' MOTION FOR RECALCULATION
OF ATTORNEYS' FEES ON REMAND**

Defendants Bank of America Corp. and Banc of America Auto Finance Corp. ("Defendants") hereby object to Plaintiffs' Motion and Memorandum for Recalculation of Attorneys' Fees on Remand ("Recalculation Motion"), and state the following in support thereof.

**I. INTRODUCTION**

Defendants agree that the Fourth Circuit's June 13, 2007 Mandate "vacate[d] the amount of the present sanction and remand[ed] the matter to the district court for rehearing, reconsideration and, *if appropriate*, recalculation of the amount of the sanction in light of [its] decision and the current posture of this case." *See* June 13, 2007, Fourth Circuit Mandate at 17 (4th Cir.) (emphasis added). Defendants, however, disagree that recalculation is necessary or appropriate.

Further, assuming *arguendo*, that recalculation is appropriate, Defendants object to Plaintiffs' proposed method of recalculation of the amount of sanction and propose the below-outlined alternative.

## II. ARGUMENT

### A. Recalculation Is Not Appropriate.

Based on express language in the Fourth Circuit's mandate, recalculation is not necessary because none of the attorneys' fees claimed are attributable solely to counts other than Count I. To the contrary, and as the Fourth Circuit explicitly acknowledged, this Court has been charged with "excis[ing] the attorneys' fees, *if any, attributable solely to the other counts...*" See June 13, 2007, Fourth Circuit Mandate at 17 (4th Cir.) (emphasis added). Accordingly, the Fourth Circuit expressly contemplated that the portions of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment and Memorandum in Support of Defendants' Cross Motion for Summary Judgment addressing Count I versus the other counts might be inextricably tied. In turn, the Fourth Circuit tasked this Court with "excising" the fees, if any, attributable solely to the other counts, it did not task Defendants with proving which fees were attributable solely to Count I. This latter task would be impossible as the introduction, facts, governing standards, conclusion, and much of the argument section are not mutually exclusive as between Count I versus the remaining claims.

Further, the Fourth Circuit merely "vacate[d] the amount of the present sanction and remand[ed] the matter to the district court for rehearing, reconsideration and, *if appropriate*, recalculation of the amount of the sanction in light of [its] decision and the current posture of this case." See June 13, 2007, Fourth Circuit Mandate at 17 (4th Cir.)

(emphasis added). Again, the Fourth Circuit made it very clear that recalculation should only be considered if appropriate.

### B. Assuming, *Arguendo*, That Recalculation is Appropriate, Defendants Disagree with Plaintiffs' Proposed Method of Calculation.

Assuming, *arguendo*, that this Court deems recalculation of the amount of the sanction necessary and appropriate, Defendants object to Plaintiffs' proposed methodology.

#### 1. Defendants' Final Fee Award Should Not Be Reduced Based on the Fourth Circuit's Reversal as to the Recusal Motion.

Defendants' final fee award should not be reduced based on the Fourth Circuit's reversal of the sanction as to the recusal motion. First, as both this Court and the Fourth Circuit explicitly highlighted, "the portion of the sanction attributable to Sweetland's pursuit of the magistrate judge's recusal had no practical effect upon the final amount of the sanction because the sanction already represented a more than $35,000 reduction in the amount of fees sought. [The Fourth Circuit's] reversal of the [recusal] portion of the sanction would similarly have had no practical effect upon the amount of the total sanction." *See* June 13, 2007, Fourth Circuit Mandate at 16-17 (4th Cir.). Similarly, as the Fourth Circuit emphasized, "[a]t oral argument, Sweetland represented to this court that he began making the $500 per month payments to satisfy the judgment and agreed that there would be no monetary effect and no further proceedings necessary if [the Fourth Circuit] affirm[ed] the sanction as it pertains to the summary judgment proceedings, but reverse[ed] the sanction as it pertains to the recusal motion." *See* June 13, 2007, Fourth Circuit Mandate at 6, fn. 3 (4th Cir.). Concomitantly, and as Sweetland conceded at oral argument, it is inappropriate to reduce the sanction by the 16% Plaintiffs

3

propose based on the reversal as to the recusal motion. *See e.g.*, Plaintiff's Recalculation Motion at 5.

### 2. To the Extent Recalculation is Appropriate, Based on Plaintiffs' Proposed Percentage-Based Methodology, Defendants Are Entitled to a Greater Sanction Award.

Defendants agree with Plaintiffs that "[r]ather than engaging in a line-by-line argument over which entries reflect work [uniquely] related to Count I, a proportional, percentage-based reduction in the [] final fee award based upon the figures initially sought by Defendants is appropriate." *See* Plaintiffs' Recalculation Motion at 4. However, Defendants disagree with both the starting figure and the percentage reduction proposed.

First, as the Fourth Circuit outlined, this Court reduced the sanction entered against Mr. Sweetland from $68,936 to $50,000 based on his ability to pay the sanction, not based on any line-by-line analysis. *See* June 13, 2007, Fourth Circuit Mandate at 5 (4th Cir.). Accordingly, the appropriate starting figure for any recalculation is $68,936, the amount this Court concluded Defendants were entitled after conducting its line-by-line analysis. *Id.*[1]

In addition to the starting figure and the 16% reduction based on the recusal reversal, Defendants disagree with Plaintiffs' proposal to reduce the sanction by 89% based on counts 2 through 9 of Plaintiffs' Amended Complaint. Plaintiffs' proposal artificially attributes equal weight to all nine counts of the Amended Complaint when, at most, Plaintiffs can argue that 11 pages of Defendants' Opposition to Plaintiffs' Motion

---

[1] In turn, no downward adjustment is necessary to the extent any reduction is less than or equal to the $18,936 this Court already credited Mr. Sweetland based solely on his ability to pay, not a line-by-line analysis.

4

for Partial Summary Judgment and Memorandum in Support of Defendants' Cross Motion for Summary Judgment ("Defendants' MSJ") are attributable solely to counts other than Count I.

More specifically, the Introduction, Statement of Facts Not in Dispute, Governing Standards, and Conclusion sections at pages 1-12 and 48 of Defendants' MSJ apply to all counts of the Amended Complaint. Further, Argument Section I, explicitly titled "Plaintiffs' Motion for Partial Summary Judgment Should Be Denied, As Defendants Are Entitled To Summary Judgment on Counts 1 and 6 of The Amended Complaint" at pages 13-25 of Defendants' MSJ is not attributable solely to the other counts. Additionally, pages 34-39 of Defendants' MSJ, which address Defendants' argument that "Defendants Are Entitled to Summary Judgment on the FCRA and Maryland Act Counts (Counts 1-8) Because They Cannot Prove Damages" are not attributable solely to the other counts. Finally, Argument Section III, titled "BAC is Entitled to Summary Judgment on All Counts of the Amended Complaint Because A Parent Corporation Cannot Be Held Liable for the Alleged Wrongful Acts of a Subsidiary Solely on the Basis on Ownership" at pages 43- 47 of Defendants' MSJ is not attributable solely to the other counts.

Therefore, at most, Plaintiffs can argue that 11 pages (pages 26-33 and 40-42), or 22.9 percent Defendants' MSJ is attributable solely to counts other than Count I of Plaintiffs' Amended Complaint. *See* Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment and Memorandum in Support of Defendants' Cross Motion for Summary Judgment attached hereto as Exhibit A.

Accordingly, assuming this Court deems recalculation necessary and appropriate, Defendants propose that the sanction be reduced by 22.9 percent. In turn, $68,936, less

22.9 percent, yields a sanction award of Fifty-Three Thousand, One-Hundred Fifty Dollars ($53,150) in favor of Defendants Bank of America Corp. and Banc of America Auto Finance Corp. Defendants agree that pursuant to the Fourth Circuit's Mandate, Mr. Sweetland is "entitled to a credit for any payments he made towards the vacated amount." *See* June 13, 2007, Fourth Circuit Mandate at 18 (4th Cir.).

### III. CONCLUSION

For the reasons stated above, and in the June 13, 2007 Mandate from the Fourth Circuit, undersigned attorneys respectfully request that this Court hold that recalculation is not appropriate in light of the Fourth Circuit's decision and the current posture of the case and Plaintiffs are liable for sanctions in the amount of $50,000 or, in the alternative, based on recalculation which excises the attorneys' fees attributable solely to counts of the Amended Complaint other than Count I, Plaintiffs are liable for sanctions in the amount of $53,150.

### REQUEST FOR HEARING

Defendants Bank of America Corp. and Banc of America Auto Finance Corp. respectfully request a hearing on Plaintiffs' Motion and Memorandum for Recalculation of Attorneys' Fees on Remand.

Respectfully submitted,

/s/
Ava E. Lias-Booker (Fed. Bar No. 05022)
Michelle N. Lipkowitz (Fed. Bar No. 27188)
McGUIREWOODS LLP
Suite 1000, 7 Saint Paul Street
Baltimore, MD 21202-1626
Telephone: 410.659.4400
Facsimile: 410.659.4599

*Attorneys for Defendants Bank of America Corporation and Banc of America Auto Finance Corporation*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, 2007, a true copy of the foregoing Defendants Bank of America Corporation and Banc of America Auto Finance's Opposition to Plaintiffs' Motion and Memorandum for Recalculation of Attorneys' Fees on Remand, Request for Hearing and Notice of Filing of Lengthy Exhibit were served via ECF, e-mail and first-class mail, postage prepaid, upon: Rodney R. Sweetland, III, Esq., Adduci, Mastriani & Schaumberg, LLP, 1200 17th Street, N.W., Fifth Floor, Washington, DC 20036.

/s/
Michelle N. Lipkowitz