UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| EARLE E. AUSHERMAN, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. MJG-01-438 |
| ) | |
| BANK OF AMERICA CORP., *et al.* ) | |
| ) | |
| Defendants. ) | |

## REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR RECALCULATION OF ATTORNEYS' FEES ON REMAND

### ARGUMENT

**A.  Recalculation Is Warranted Because The Claims In The Amended Complaint Were Analytically Distinct, And Treated As Such By Defendants And The Court**

Defendants contend that excising work solely related to Count I "would be impossible as the introduction, facts, governing standards, conclusions, and *much of the argument section* are not mutually exclusive as between Count I versus the remaining claims." Opposition at 2 (emphasis added). This contention fails for two reasons. First, their summary judgment pleading was divided into two fundamental arguments: one of which embodies the substance of their argument as to Count I and another that is entirely unrelated to the arguments raised in connection with Count I. *See* Opposition at Exhibit A.[1]

---

[1] Defendants submitted their Opposition to Plaintiffs' Motion for Partial Summary Judgment and Memorandum in Support of Defendants' Cross Motion for Summary Judgment (Docket No. 177) as Exhibit A to their Opposition to the Motion for Recalculation of Attorneys' Fees on Remand (Docket No. 278).

1

Argument I of Defendants' summary judgment pleading deals with the dispositive contention that Plaintiffs' claims must fail because no direct linkage could be made between the credit reports that were obtained on Plaintiffs using a Banc of America Auto subscriber code and the Defendants. *Id.* at 13-25. Argument II of Defendants' pleading deals with their other arguments in support of summary judgment. *Id.* at 26-47. While Defendants now argue that there can be no bifurcation, their original pleading was, in fact, compartmentalized in a manner that demonstrates how easily these issues can readily be separated.

Second, the Court also treated Defendants' arguments separately. In its March 18, 2003, Memorandum and Order (Docket No. 211), the Court divided its decision by the claims in the Amended Complaint. *Id.*

Defendants, in essence, argue that since it is difficult to bifurcate fees, that no such bifurcation should take place. This proposition was definitively rejected in *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) and its progeny. It is a well-established principle of law that attorneys' fees may not be imposed for defending non-frivolous, albeit unsuccessful claims.[2] Acceptance of the first argument by Defendants in their Opposition would result in a violation of this well-established principle.

---

[2] *Greenspring Racquet Club, Inc. v. Baltimore County, Maryland*, 232 F.3d 887 * 8 (4th Cir. 2000) (Table) ("No circuit, however, has held that a district court may award attorney's fees for the costs of defending non-frivolous portions of a [ ] suit."); *Quintana v. Jenne*, 414 F.3d 1306, 1312 (11th Cir. 2005) (where nonfrivolous claims were contained in different counts in the complaint from frivolous claims and plaintiff had advanced distinct arguments, remand was appropriate to assess the amount of fees attributable exclusively to frivolous claims*); Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1030-31 (2d Cir. 1999) (fees under Rule 11 must be restricted to party's costs that are the direct result of sanctionable conduct).

### B. A Substantial Net Decrease In Fees, Rather Than The Net Increase Proposed By Defendants, Is Warranted

The penultimate fee award by the Court, vacated by the Federal Circuit, was $50,000. *See* February 17, 2005, Memorandum and Order (Docket No. 260) at 31-32. The ultimate award was $30,000 (payable in monthly increments). *Id.* Defendants argue in the alternative, however, that if there is a recalculation, then the net amount awarded should be $53,150. *See* Opposition at 6. A district court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces. *Tollett v. City of Kemah*, 285 F.3d 357, 364 (5th Cir. 2002). Defendants' alternative argument for a net increase of sanctions invites violation of both the letter and spirit of the mandate rule.

#### 1. The Court's Reductions May Not Be Revisited On Remand

The Court's reductions based upon ability to pay and monthly payment plan were not addressed, explicitly or implicitly, in the Fourth Circuit's instructions. The rehearing, reconsideration and any appropriate recalculation that is the subject of the remand is limited to the examination of Defendants' efforts related to Count I. It does not, therefore, include reconsideration of other factors in the Court's original award. *See Georgacarakos v. United States*, 211 Fed. Appx. 730, *2 (10th Cir. 2007) (rejecting Rule 60(b)(6) motion - relief from judgment for "any other reason justifying relief from the operation of the judgment"- as a violation of the mandate rule where motion was filed after the mandate issued).[3]

---

[3] To clarify any potential confusion from this argument, the undersigned does not claim a present inability to pay the $50,000 or $53,150 sought by Defendants herein; but rather, that the Court's previous consideration of ability to pay is subject to the mandate rule. In the event that the Court rejects this argument and reopens the award to the lodestar analysis, then the undersigned respectfully requests that the

3

Defendants contend that the starting point in the Court's recalculation should not include any reduction based upon ability to pay. Opposition at 4 ("[T]he appropriate starting figure for any recalculation is $68,936, the amount this Court concluded Defendants were entitled after conducting its line-by-line analysis."). A recalculation lacking that component of the previous calculation, however, would implicate the mandate rule because the Defendants did not seek reconsideration of the Court's reductions or monthly payment terms at the time of the issuance of its February 17, 2007, Memorandum and Order (Docket No. 260), nor did they appeal the reductions or payment terms. *See, e.g., South Atlantic L'td. P'ship. Of Tenn., L.P. v. Riese*, 356 F.3d 576, 584 (4th Cir. 2004) (mandate rule forecloses litigation of issues decided by trial court but foregone on appeal or otherwise waived). *See also Turpin v. United States*, 28 F.3d 1211 *3 (4th Cir. 1994) (Table) (mandate rule violated where district court recalculated judgment after defendant filed a Fed. R. Civ. P. 60(b) motion).[4]

### 2. Percentage-Based Reduction Utilizing The Number Of Claims Is An Accepted Methodology

Defendants contend that a reduction including consideration of the number of Counts other than Count I is inappropriate because it "artificially attributes equal weight to all nine counts of the Amended Complaint...." Opposition at 4. Utilizing the number

---

relative financial positions of the parties also be considered pursuant to *Arnold v. Burger King Corp.*, 719 F.2d 63, 67-68 (4th Cir. 1983) (cited by the Court in its February 17, 2005, Memorandum and Order (Docket No. 260 at 16), but never ultimately considered).

[4] Deviation from the mandate rule is only permitted: 1) when controlling legal authority has changed dramatically; 2) when significant new evidence, not earlier obtainable in the exercise of due diligence, has come to light; or 3) when a blatant error in the prior decision will, if uncorrected, result in a serious injustice. *Invention Submission Corp. v. Dudas*, 413 F.3d 411, 415 (4th Cir. 2005). The Fourth Circuit has adopted a narrow definition of newly discovered evidence sufficient to permit deviation from the mandate rule. *See United States v. Williams*, 162 Fed. Appx. 254 *5-6 (4th Cir. 2006); *United States v. Bell*, 5 F.3d 64, 66-67 (4th Cir. 1993).

4

of counts, however, is an accepted adjunct to the other components of a lodestar analysis. *Oliphant v. Charlotte Memorial Hosp. and Medical Center*, 925 F.2d 1457 *4 (4th Cir. 1991) (Table). *See also Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82 F.3d 1533, 1553-54 (10th Cir. 1996) (upholding award based upon division of claims); *Peters v. Winco Foods, Inc.*, 320 F. Supp.2d 1035, 1043 (E.D. Cal. 2004) (awarding defendant 60% of fees where three of five claims were found to be frivolous).

### 3. The Page Length Of Pleadings Is An Arbitrary Means Of Determining An Attorneys' Fees Award

Defendants assert in the alternative that, if any reduction in the fees is appropriate, then it should be a 22.9% reduction. Opposition at 5. This figure was reached by an analysis of the page length of the arguments in Defendants' summary judgment pleadings. *Id.* at 4-5. This means of calculating attorneys' fee awards is arbitrary because there is no clear relationship between the amount of time spent and, hence, fees incurred by a party and the length of its pleadings; let alone the comparative length of sections within the pleadings. *See Jewett v. IDT Corp.*, 2007 WL 1488257 *3 (D.N.J. 2007) ("The Court rejects using an hours-spent-to-page-length ratio as the exclusive measure for the reasonableness of the time spent preparing a document.").

The length of pleadings is not a component of the lodestar method of calculating attorneys' fee awards. *See, e.g.*, February 2, 2005, Memorandum and Order (Docket No. 260) at 15-16 (analyzing lodestar factors). Moreover, the spreadsheet submitted in support of Defendants' initial claim for fees (Exhibit 1 to Docket No. 227) does not reference the sections of Exhibit A to their instant Opposition.

## CONCLUSION

For the reasons set forth herein and in the Motion and Memorandum for Recalculation of Attorneys' fees on Remand, the undersigned respectfully requests that this Honorable Court reduce its award of attorneys' fees awarded in its February 17, 2005, Memorandum and Order to $4,620. In the alternative, if the Court reopens its lodestar analysis, then the undersigned requests consideration of the parties' relative financial position pursuant to *Arnold v. Burger King Corp.*, 719 F.2d 63, 67-68 (4th Cir. 1983).

## WAIVER OF ORAL HEARING

Without explaining the advantages, Defendants' Opposition requests a hearing. *Id.* at 6. Pursuant to Local Rule 105.6, the undersigned submits that the Court's ordinary practice of deciding a motion on the memoranda without a hearing is appropriate here because the narrow issue on remand does not require further courtroom proceedings such as the taking of evidence or consideration of oral argument and the parties' pleadings have adequately framed the issues. "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Respectfully submitted,

_____
Rodney R. Sweetland, III
Bar No. 12707
1200 17th Street, N.W., Fifth Floor
Washington, D.C. 20036
(202) 467-6300
(202) 466-2006 (facsimile)
rsweetland@mindspring.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent via first class and electronic mail this 23rd day of July, 2007, to:

Ava Lias-Booker
McGuire Woods
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202

_____
Rodney R. Sweetland, III