# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| EARLE E. AUSHERMAN, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. MJG-01-438 |
| BANK OF AMERICA CORP., et al., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS BANK OF AMERICA CORP.
AND BANC OF AMERICA AUTO FINANCE CORP.'S
SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR
RECALCULATION OF ATTORNEYS' FEES ON REMAND**

Defendants Bank of America Corp. and Banc of America Auto Finance Corp. ("Defendants") hereby object to Plaintiffs' Motion and Memorandum for Recalculation of Attorneys' Fees on Remand and Reply to Defendants' Opposition to Motion for Recalculation of Attorneys' Fees on Remand ("Recalculation Motion" and "Reply," respectively), and state the following in support thereof.

**ARGUMENT**

**A. Mr. Sweetland Explicitly Conceded His Ability To Pay The Sanction, And Concomitantly, That $68,936 Is The Appropriate Starting Figure For Any Recalculation.**

Mr. Sweetland conceded that the appropriate starting figure for any recalculation is $68,936 when he emphasized that "the undersigned does not claim a present inability to pay the $50,000 or $53,150 sought by Defendants." *See* Plaintiffs' Reply Brief at 3, n.3. Because this Court explicitly reduced the sanction entered against Mr. Sweetland from $68,936 to $50,000 based on his ability to pay the sanction, not based on any line-

by-line or count-by-count analysis, the appropriate starting figure for any recalculation is $68,936, the amount this Court concluded Defendants were entitled after conducting its line-by-line analysis. *See* June 13, 2007, Fourth Circuit Mandate at 5 (4th Cir.). Thus, based on this concession and for all of the reasons previously outlined in Defendants' Opposition, the appropriate starting figure for any recalculation is $68,936.[1]

### B. The Court Need Not Reconsider Its Previous Determination That It Was Not Appropriate To Assess The Parties' Relative Financial Positions.

As Mr. Sweetland highlights, this Court cited *Arnold v. Burger King Corp.* in its February 17, 2005 Memorandum and Order. *See* February 17, 2005 Memorandum and Order on Defendants' Motion for Attorneys' Fees, Docket No. 260, at 16 (*citing Arnold v. Burger King Corp.*, 719 F.2d 63, 68-69 (4th Cir. 1983) (holding no abuse of discretion in district court's decision to award full fees and not reduce fees based on the relative financial status of the litigants)). However, Mr. Sweetland implies that this Court "never ultimately considered" the case. *See* Plaintiffs' Reply at 4, n.3. To the contrary, this Court highlighted that "[t]he relative financial positions of the litigants should also be assessed *when appropriate*." *Id.* at 16-17 (emphasis added). This Court even took its reasoning a step further by explicitly emphasizing that "[w]henever attorneys' fees are deemed appropriate and the plaintiff can afford to pay, 'the congressional goal of discouraging frivolous suits weighs heavily in favor of levying the full fees.'" *Id.* (*citing Faraci v. Hickey-Freeman Co., Inc.*, 607 F.2d 1025, 1028 (2nd Cir. 1979)). Thus, this Court should reject Mr. Sweetland's backdoor attempt to seek <u>reconsideration</u> of this

---

[1] This $68,936 figure is not only the amount this Court concluded Defendants were entitled after conducting its line-by-line analysis, it is also the amount which does not require the bald presumption that the sanction would have been reduced by $18,936 ($68,936 - $50,000) based on Mr. Sweetland's ability to pay, regardless of the amount of the calculated award.

Court's prior decision that it was not appropriate to assess the parties' relative financial positions.

### C. In *Arnold v. Burger King Corp.*, The Fourth Circuit Held No Abuse Of Discretion In The District Court's Decision To Award Full Fees And Not Reduce Fees Based On The Relative Financial Status Of The Litigants.

The Court need not consider the parties' relative financial positions pursuant to *Arnold v. Burger King Corp.* because the aforementioned case does not support this proposition. Defendants agree that the *Arnold* case is similar to the instant case in that Appellant "argues that the court should [] consider[] the relative financial status of the litigants and reduce[] the fee awards from the amount determined by the pure application of the time-rate formula." *Id.*, 719 F.2d at 68. However, Plaintiffs fail to recognize that based on the similar fact pattern in *Arnold*, the Fourth Circuit found "no abuse of discretion in the court's decision to award full fees." *Id.*, 719 F.2d at 69. As the Fourth Circuit highlighted, "Arnold's claim of race discrimination was frivolous from the outset, and his insistent prosecution of the claim tested the borders of subjective bad faith. The trial court found that Arnold was gainfully employed and apparently able to pay the fee award on such reasonable terms as might be arranged, and that the fee award was the reasonable value of the attorneys' services. It was required to do no more." *Id.*, 719 F.2d at 69. Similarly, Mr. Sweetland concedes his present ability to pay the $50,000 or $53,150 sought by Defendants, and he appears to be "gainfully employed and apparently able to pay the fee award on such reasonable terms as might be arranged." *Id.*

Accordingly, this Court need not reconsider parties' relative financial positions pursuant to *Arnold v. Burger King Corp.*

3

## CONCLUSION

For the reasons stated above and in Defendants' Opposition, and in the June 13, 2007 Mandate from the Fourth Circuit, undersigned attorneys respectfully request that this Court hold that recalculation is not appropriate in light of the Fourth Circuit's decision and the current posture of the case and Plaintiffs are liable for sanctions in the amount of $50,000 or, in the alternative, based on recalculation which excises the attorneys' fees attributable solely to counts of the Amended Complaint other than Count I, Plaintiffs are liable for sanctions in the amount of $53,150.

Respectfully submitted,

_____/s/_____
Ava E. Lias-Booker (Fed. Bar No. 05022)
Michelle N. Lipkowitz (Fed. Bar No. 27188)
McGUIREWOODS LLP
Suite 1000, 7 Saint Paul Street
Baltimore, MD 21202-1626
Telephone:  410.659.4400
Facsimile:  410.659.4599

*Attorneys for Defendants Bank of America
Corporation and Banc of America Auto
Finance Corporation*

## SECOND REQUEST FOR HEARING

Notwithstanding Plaintiffs' Waiver of Oral Hearing, Defendants Bank of America

Corp. and Banc of America Auto Finance Corp. respectfully request a hearing on

Plaintiffs' Motion and Memorandum for Recalculation of Attorneys' Fees on Remand to

the extent the Court deems it appropriate.

Respectfully submitted,


_____/s/_____
Ava E. Lias-Booker (Fed. Bar No. 05022)
Michelle N. Lipkowitz (Fed. Bar No. 27188)
McGUIREWOODS LLP
Suite 1000, 7 Saint Paul Street
Baltimore, MD 21202-1626
Telephone:  410.659.4400
Facsimile:  410.659.4599

*Attorneys for Defendants Bank of America
Corporation and Banc of America Auto
Finance Corporation*

5