```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

EARLE E. AUSHERMAN, et al.      *

           Plaintiffs            *

            vs.                  *    CIVIL ACTION NO. MJG-01-438

BANK OF AMERICA CORPORATION,     *
et al.
           Defendants            *

*     *     *     *     *     *     *     *     *
```

## MEMORANDUM AND ORDER

The Court has before it the Motion and Memorandum for Recalculation of Attorneys' Fees on Remand [Document 274], filed by Rodney R. Sweetland, III ("Sweetland" or "Plaintiffs' counsel"), and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

As set forth in <u>Sweetland v. Bank of America</u>, 2007 U.S. App. LEXIS 11989 (4th Cir. 2007), this Court granted summary judgment to the Defendant and awarded sanctions against Plaintiffs' counsel as follows:

       1.    The allowable fee award was $68,936, calculated as follows:

           a.    For summary judgment proceedings, Defendant's request of $71,877 was reduced by $13,820 to a net of $58,057.

           b.    With regard to the recusal motion, Defendant's request of $13,831 was reduced by $2,952 to a net of $10,879.

       2.    The $68,936 allowable fee award was then lowered to $50,000 in light of Plaintiffs' counsel's

>   apparent financial circumstances making this the maximum amount he should be required to pay.
>
> 3.  The Court further permitted Plaintiffs' counsel to satisfy the reduced $50,000 award by regular remittance of sixty monthly payments of $500.00 without interest, a further reduction to a total of $30,000.

The United States Court of Appeals for the Fourth Circuit affirmed the grant of summary judgment to Defendant and the award of sanctions except for the award made with regard to the recusal motion. The appellate court noted that

>   At oral argument, Sweetland represented to this court that he began making the $500 per month payments to satisfy the judgment and agreed that there would be no monetary effect and no further proceedings necessary if we affirm the sanction as it pertains to the summary judgment proceedings, but reverse the sanction as it pertains to the recusal motion. Sweetland, at *5, N.3

However, the appellate court stated that

>   On appeal, however, confusion arose as to whether the $71,877 in fees initially sought by BAAF for the summary judgment portion of the request included entries for summary judgment proceedings pertaining to counts separable from Count I and, more importantly, whether and to what extent the district court's initial sanction award of $68,936 included amounts associated with time that BAAF spent on tasks related to its filing of summary judgment as to the other nine counts.
>                             ***
>   Because the district court is in a better position to scrutinize the bills submitted and excise the attorneys' fees, if

> any, attributable solely to the other counts,
> we vacate the amount of the present sanction
> and remand the matter to the district court
> for rehearing, reconsideration and, if
> appropriate, recalculation of the amount of
> the sanction in light of our decision and the
> current posture of this case.

This Court determined, upon "a line-by-line analysis" of the legal bills at issue, that $58,057 was allowable with regard to the summary judgment proceedings. It is this amount that is the starting point for any recalculation.

This Court is tasked by the Fourth Circuit to discern and excise any fees "attributable solely" to counts other than Count I. Even Sweetland does not suggest that any particular time charge can, in light of the nature of the instant case, be considered "attributable solely" to counts other than Count I. The Court does not, itself, find any such time charges. Accordingly, the determination of the allowable fee award with regard to summary judgment proceedings remains $58,057. The Court will, as before, reduce the amount to $50,000 in recognition of Plaintiffs' counsel's financial circumstances.

The Court will, further, allow Plaintiffs' counsel to satisfy his obligation by regular monthly payments in accordance with the Judgement Order issued February 17, 2005 [Document 261].

The Court finds it inappropriate to make any allocation of time charges by virtue of arbitrary estimations based upon such

matters as the number of counts, the number of pages in motions and/or memoranda, etc. Moreover, the Court finds no estimation method worthy of consideration that would result in a legal fee award calling for an obligation less than the $50,000 award and <u>a fortiori</u> less than the discounted net that Plaintiff's counsel may pay by making prescribed regular monthly payments.

    Accordingly:

1. Plaintiffs' Motion and Memorandum for Recalculation of Attorneys' Fees on Remand [Document 274] is GRANTED IN PART.

2. The Court reconfirms its award of $50,000 as set forth in the Judgment Order issued February 17, 2005 [Document 261].

3. The Judgment Order issued February 17, 2005 [Document 261] remains in full force and effect.

    a. Sweetland shall receive credit for all payments heretofore made pursuant to said Judgment Order.

    b. Pursuant to footnote 1 of said Judgment Order, Sweetland shall recommence making monthly payments thereunder in October 2007 if he chooses to be in compliance with Paragraph 1(a) and, thereby, satisfy his $50,000 obligation.

SO ORDERED, on <u>Tuesday, September 18, 2007</u>.

                                        /s/
                           Marvin J. Garbis
               United States District Judge